THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
MATTHEW ALVARADO, Defendant-Appellant.

Third District   No. 3—91—0768

Opinion filed September 29, 1992.

Robert Agostinelli, of State Appellate Defender's Office, of Ottawa, for appellant.

William Herzog, State's Attorney, of Kankakee (John X. Breslin and Jay P. Hoffmann, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE HAASE delivered the opinion of the court:

The trial court convicted the defendant, Matthew Alvarado, of criminal sexual assault and unlawful restraint (Ill. Rev. Stat. 1989, ch. 38, pars. 12—13, 10—3). He was thereafter sentenced to 12 years of imprisonment for criminal sexual assault and a concurrent three-year term of imprisonment for unlawful restraint. He appeals, and we affirm.

On appeal, the defendant argues that his conviction for unlawful restraint should be vacated because it was based on the same physical act as the criminal sexual assault. In the alternative, he contends that

it should be vacated because it is a lesser included offense of criminal sexual assault.

Unlawful restraint is not necessarily a lesser included offense of criminal sexual assault. (See *People v. Jackson* (1990), 203 Ill. App. 3d 1, 560 N.E.2d 1019.) While the offense of unlawful restraint is often committed in conjunction with other offenses, it is punishable as a separate crime if the restraint is independent of the other offenses and arose out of separate acts. *People v. Leonhardt* (1988), 173 Ill. App. 3d 314, 527 N.E.2d 562.

In the case at hand, the record shows that the defendant, in addition to physically restraining the victim during the sexual assault, also committed two separate acts of unlawful restraint. At trial, it was established that the defendant was driving a car in which the victim was the sole passenger. While driving the victim home, he stopped the car on a deserted road and told her they needed to talk about their relationship. When she said she was tired, wanted to go home, and refused to discuss the matter, the defendant grabbed her around the neck and choked her. Thereafter, the defendant released her, and when she asked him to take her home, he drove to another secluded area and sexually assaulted her.

After the sexual assault, the defendant drove to his grandfather's house. Once there, the victim jumped out of the car and ran up to the front door. The defendant caught her and physically prevented her from entering the house. She managed to escape from his grasp, ran to the car, and drove away.

Based on these facts, we find that the record supports the defendant's convictions for both criminal sexual assault and unlawful restraint. As the record clearly indicates, the convictions were based upon separate, independent acts which were not closely related. There was no evidence that the defendant's initial choking of the victim was in any way related to his later rape of her. In addition, his final restraint of the victim at his grandfather's home was not related to the sexual assault, since its sole purpose was to prevent her from entering the house.

Accordingly, the judgment of the circuit court of Kankakee County is affirmed.

Affirmed.

McCUSKEY and STOUDER, JJ., concur.