**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**John Ray WILLIAMS, Defendant–**
**Appellant.**

No. 96–10226.

United States Court of Appeals,
Ninth Circuit.

Submitted March 11, 1997.*

Decided March 27, 1997.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

R.App.P. 34(a); 9th Cir.R. 34–4.

John P. Balazs, Assistant Federal Public Defender, Sacramento, California, for the defendant-appellant.

Mark J. McKeon, Assistant United States Attorney, Sacramento, California, for the plaintiff-appellee.

Before: CHOY, BRUNETTI, and FERNANDEZ, Circuit Judges.

## OPINION

BRUNETTI, Circuit Judge.

Appellant John Ray Williams appeals his sentence under the Sentencing Guidelines imposed following his guilty plea to one count of bank robbery under 18 U.S.C. § 2113(a). Appellant argues that the district court erred in concluding that his Oregon conviction for attempted second-degree kidnapping is a crime of violence under the career offender guideline, U.S.S.G. § 4B1.2, and that the district court erred in denying him a downward departure based on an extraordinary physical impairment. Both of Appellant's arguments are without merit and we affirm.

### I.

Appellant argues that attempted second-degree kidnapping as defined by Oregon

law is not a crime of violence as that term is defined by U.S.S.G. § 4B1.2(1)(ii). Section 4B1.2(1) defines the term "crime of violence" as any offense punishable by imprisonment for a term exceeding one year that:

(i) has as an element the use, attempted use, or threatened use of physical force against the person of another, or

(ii) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

U.S.S.G. § 4B1.2(1).[1]

Appellant was convicted under Oregon Revised Statute section 163.225(1)(a) which provides that:

[a] person commits the crime of kidnapping in the second degree if, with intent to interfere substantially with another's personal liberty, and without consent or legal authority, the person:

(a) Takes the person from one place to another....

Or.Rev.Stat. § 163.225(1)(a). The term "without consent" is defined to mean, "the taking or confinement is accomplished by force, threat or deception." Or.Rev.Stat. § 163.215(1). Because second-degree kidnapping as defined by Oregon Revised Statute section 163.225 may be committed by deception, rather than by force, it does not qualify as a "crime of violence" under U.S.S.G. § 4B1.2(1)(i). We must therefore determine whether second-degree kidnapping is a crime "that presents a serious potential risk of physical injury to another." U.S.S.G. 4B1.2(1)(ii).

## II.

■ In determining whether a prior conviction is a "crime of violence" under

U.S.S.G. § 4B1.2(1)(ii), we may examine "'the elements of the crime charged or whether the actual charged 'conduct' of the defendant presented a serious risk of physical injury to another.'" *United States v. Young*, 990 F.2d 469, 471 (9th Cir.1993), citing *United States v. Sahakian*, 965 F.2d 740, 742 (9th Cir.1992). Section 4B1.2(1)(ii) requires only that the conduct involve a "potential risk of physical injury." U.S.S.G. § 4B1.2. The Information charging Appellant with the commission of attempted second-degree kidnapping alleged that he did "unlawfully and knowingly, without consent or legal authority, attempt to take [the victim] from one place to another with intent to interfere substantially with the said [victim's] personal liberty...."

We have implied that kidnapping is a crime of violence under U.S.S.G. § 4B1.2(1)(ii) because it involves a "serious potential risk of physical injury to the ... kidnapped person." *United States v. Lonczak*, 993 F.2d 180, 182–83 (9th Cir.1993). In an analogous context, we explicitly held that "kidnapping entails a 'serious potential risk of physical injury' to the victim, making the offense a 'violent felony'...." *United States v. Sherbondy*, 865 F.2d 996, 1009 (9th Cir. 1988). That holding has been followed by other circuits which have determined that kidnapping is a "crime of violence" because it, by its very nature, involves a substantial risk of physical violence. *See United States v. Kaplansky*, 42 F.3d 320, 324–25 (6th Cir. 1994) (holding that "the potential for violence against the victim is an inherent aspect of the crime of kidnapping" under 18 U.S.C. § 924); *United States v. Salemi*, 26 F.3d 1084, 1086 (11th Cir.1994) (holding that kidnapping is a violent crime which "inherently involves the threat of violence" under U.S.S.G. § 4B1.2(1)(ii)); *United States v. Phelps*, 17 F.3d 1334, 1342 (10th Cir.1994) (holding that kidnapping is a crime of violence which involves a serious potential risk of injury under 18 U.S.C. § 924); *United States v. Patino*, 962 F.2d 263, 267 (2nd Cir.1992) (holding that kidnapping is a crime of violence which necessarily "involves the threatened use of physical force" under 18 U.S.C. § 924). Indeed, Application Note 2 to section 4B1.2 specifically provides that kidnapping is a crime of

---

1. Application Note 1 provides that the term "crime of violence" includes an attempt to com-

mit such an offense. U.S.S.G. § 4B1.2, cmt. 1.

violence. U.S.S.G. § 4B1.2, cmt. 2. We agree, kidnapping which occurs "without consent" of the victim, as Appellant's Information charges, involves an inherent risk of physical injury under U.S.S.G. § 4B1.2(1)(ii). Therefore, Appellant's conduct as charged in the Information qualifies as a crime of violence under § 4B1.2(1)(ii).

### III.

Because the district court was aware of its discretion to depart downward on the basis of his alleged "extraordinary physical impairment," but declined to do so, we are without jurisdiction to review it's refusal to depart. *United States v. Estrada–Plata*, 57 F.3d 757, 761 (9th Cir.1995).

AFFIRMED.