116 F.3d 487
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Alfredo NAVARRO-VELASQUEZ, Defendant-Appellant.
 No. 96-10529.
 United States Court of Appeals, Ninth Circuit.
 Decided June 20, 1997.
Submitted June 17, 1997.**
 
 Appeal from the United States District Court for the Eastern District of California, No. CR-96-00387-GEB; Garland E. Burrell, District Judge, Presiding.
 Before: GOODWIN, SCHROEDER, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Alfredo Navarro-Velasquez appeals his sentence for his guilty plea conviction for being a deported alien found in the United States in violation of 8 U.S.C. § 1326. Navarro-Velasquez contends that the district court erred in not departing downward in sentencing him, and failed to articulate its reasons for not departing.
 
 
 3
 A defendant may waive his right to appeal a criminal conviction as part of a knowing and voluntary plea agreement. See United States v. Navarro-Botello, 912 F.2d 318 (9th Cir.1990). However, "where there is a direct conflict between a trial judge's unambiguous oral pronouncement of sentence and the written judgment, the oral pronouncement must control." United States v. Buchanan, 59 F.3d 914, 917 (9th Cir.), cert. denied, 116 S.Ct. 430 (1995) (citations omitted).
 
 
 4
 As part of his written plea agreement, Navarro-Velasquez waived his right to appeal. The district court advised Navarro-Velasquez at his sentencing hearing:
 
 
 5
 I'm going to advise the defendant of his appeal rights, even though he's waived his right to appeal, because it's my impression that he may not like the sentence I've imposed in this case. Although your plea agreement states that you have waived your right to appeal and such waivers are valid in the Ninth Circuit, I nevertheless advise you of your rights in part because I believe you may be dissatisfied with the way I've conducted this hearing.
 
 
 6
 You have a right to appeal from this judgment. If you wish to appeal, you must file a written notice of appeal with the clerk of this court within 10 days from the entry of this judgment. If you cannot afford the cost of this appeal, you will be permitted to proceed in forma pauperis, which simply means another governmental agency will pay the cost for you. If you cannot afford counsel, one will be appointed to represent you.
 
 
 7
 Like in Buchanan where the district court's oral pronouncement contradicted the written waiver, here, the district court advised Navarro-Velasquez that he retained his right to appeal even though he had waived that right as part of his written plea. Accordingly, we conclude that Navarro-Velazquez did not waive his right to appeal. See id.
 
 
 8
 Navarro-Velasquez contends that the district court erred in not departing downward based on various grounds. Where the district court is aware of its discretion to depart downward, but declines to do so, we are without jurisdiction to review it's refusal to depart. See United States v. Williams, 110 F.3d 50,53 (9th Cir.1997). In this case, because the district court judge assumed that there was a basis to depart and then stated "I do not exercise my discretion to depart downward," we do not have jurisdiction to consider this appeal, id.
 
 
 9
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3