UNITED STATES of America,
Plaintiff–Appellee,

v.

Michael SWANSON, Defendant–
Appellant.

No. 02–2190.

United States Court of Appeals,
Seventh Circuit.

Submitted Nov. 21, 2002.*

Decided Jan. 7, 2003.

Rehearing and Rehearing En Banc
Denied Feb. 10, 2003.

Before FAIRCHILD, EVANS, and
WILLIAMS, Circuit Judges.

### ORDER

After a jury found Michael Swanson guilty of aggravated bank robbery under 18 U.S.C. § 2113(a) and (d), the district court sentenced him to 264 months' imprisonment based, in part, on its determination that he qualified as a career offender under the Sentencing Guidelines, U.S.S.G. § 4B1.1. Swanson appeals, challenging his sentence on two grounds. First and foremost, he argues that his prior felony conviction for unlawful restraint does not constitute a "crime of violence," and so he lacks the requisite two prior convictions for classification as a career offender. Second, he argues that the district court increased his offense level by two points for obstruction of justice based on an erroneous finding that he attempted to escape from custody before trial. Swanson acknowledges, however, that the district court's obstruction-of-justice finding is inconsequential if he indeed qualifies as a career offender. We therefore first address Swanson's challenge to the district court's career offender determination. Because we believe that Swanson's unlawful restraint offense presented a "serious potential risk of physical injury," and thus

---

* The parties have waived oral argument in this case, and thus the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(f).

qualifies as a "crime of violence" under the guidelines, we affirm the sentence imposed by the district court.

Whether an offense is a "crime of violence" for purposes of the guidelines is a question of law that we review *de novo*. *United States v. Cole*, 298 F.3d 659, 661 (7th Cir.2002). Section 4B1.2(a) defines a "crime of violence" as:

> [A]ny offense under state or federal law, punishable by imprisonment for a term exceeding one year, that–(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is burglary of a dwelling, arson, or extortion, involves the use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

U.S.S.G. § 4B1.2(a). Illinois defines the crime of unlawful restraint as follows: "[a] person commits the offense of unlawful restraint when he knowingly without legal authority detains another." 720 ILCS 5/10–3. Although in many cases, if not most we think, physical force or threatened force will be used in order to restrain the victim's movement, the Illinois courts have stated that "[a]ctual or physical force is not a necessary element of unlawful restraint as long as an individual's freedom of locomotion is impaired." *People v. Bowen*, 241 Ill.App.3d 608, 182 Ill.Dec. 43, 609 N.E.2d 346, 361 (Ill.App.Ct.1993). Because the Illinois unlawful restraint statute does not have as a necessary element the use or threatened use of physical force, Swanson's unlawful restraint conviction does not qualify as a crime of violence under subsection one of § 4B1.2(a).

But Swanson's offense involved conduct that, by its nature, presented a serious risk of physical injury to another, and thus qualifies under subsection two of § 4B1.2(a). Under subsection two, a federal court is not confined to the minimum conduct that would create an offense under the applicable statute; it also may look to the face of the charging document. *United States v. Shannon*, 110 F.3d 382, 384, 387 (7th Cir.1997). The commentary to § 4B1.2(a) explains that a "crime of violence" includes any offense for which "the conduct set forth (*i.e.*, expressly charged) in the count of which the defendant was convicted ... by its nature, presented a serious potential risk of physical injury to another." U.S.S.G. § 4B1.2(a), comment. (n.1).

A risk of violent confrontation is inherent in a crime such as Swanson's that involves restraining another person against her will. For that reason, our sister circuits have held that the similar crimes of false imprisonment and kidnapping by deception that do not have physical force as an element nonetheless present a serious risk of physical injury, and thus are "crimes of violence." *See United States v. Zamora*, 222 F.3d 756, 764–65 (10th Cir.2000); *United States v. Williams*, 110 F.3d 50, 52–53 (9th Cir. 1997); *United States v. Kaplansky*, 42 F.3d 320, 324 (6th Cir.1994) (en banc). Although one could envision an unlawful restraint where physical force is not used, e.g., secretly locking someone inside his or her office, "the benchmark should be the possibility of violent confrontation, not whether one can postulate a nonconfrontational hypothetical scenario." *United States v. Franklin*, 302 F.3d 722, 723 (7th Cir.2002). Illinois cases demonstrate that the crime of unlawful restraint is frequently attended by physical violence. *See, e.g., People v. Alvarado*, 235 Ill.App.3d 116, 175 Ill.Dec. 778, 600 N.E.2d 1236, 1237 (Ill. App.Ct.1992) (finding that evidence that the defendant refused to let the victim out of his car by grabbing her by the neck and then physically preventing her from entering her house sufficed for unlawful restraint conviction); *People v. Leonhardt*, 173 Ill.App.3d 314, 123 Ill.Dec. 99, 527

N.E.2d 562, 564–65, 567 (Ill.App.Ct.1988) (affirming unlawful restraint conviction where the defendant drove the victim to a secluded area, sexually assaulted her, and when she tried to escape, chased, grabbed, and hit her). This case is no different.

Here, the information to which Swanson pleaded guilty in state court demonstrates that he used physical force to restrain his victim and that his conduct involved a serious potential risk of injury. The information charged that Swanson "knowingly and without legal authority detained Yolando Combs in that the defendant repeatedly grabbed Yolanda Combs by her arms and detained her on County Road 1000 E approximately½ mile from County Road 700 N for approximately two hours." Swanson argues that "grabbing" someone by their arms does not necessarily imply force. To the contrary, he asserts, the charge reasonably could be interpreted as meaning that Swanson grabbed Combs and asked her not to leave in a "soothing manner." We disagree. The word "grab" connotes forcefulness. As the government points out, "to grab" is commonly defined as "to take or seize by or as if by a sudden motion or grasp." *Merriam–Webster's Collegiate Dictionary* 505 (10th ed.1999). In this case, Swanson's repeated grabbing of Combs was sufficiently forceful to prevent her escape for two hours, and accordingly, presented a serious potential risk of injury to Combs.

Because Swanson's unlawful restraint conviction indeed was a crime of violence, we conclude that he was properly sentenced as a career offender. We therefore need not consider Swanson's argument that the district court also erred by increasing his offense level by two points for Swanson's alleged escape attempt. The career offender guideline mandates a higher offense level than Swanson would receive even if he were correct about the obstruction-of-justice enhancement. *See*

U.S.S.G. § 4B1.1; *United States v. Unthank,* 109 F.3d 1205, 1206 (7th Cir.1997).

AFFIRMED

FAIRCHILD, Circuit Judge, dissenting.

FAIRCHILD, Circuit Judge.

With all respect I am unable to agree that the conduct described in the charging document presented "a serious potential risk of physical injury to" Yolanda Combs. I acknowledge, however, that if we were permitted to consider other facts recited in the presentence report, it would be easy to find that there was such risk. It there appears that defendant had fathered children with Combs, had a history of domestic violence with her, and court orders had been issued against defendant for the protection of Combs. The Guidelines, however, seem to limit us to the "conduct set forth (i.e. expressly charged) in the count" of conviction. U.S.S.G § 4B1.2, Application Note 1.