[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 2, 2005
THOMAS K. KAHN
CLERK

_____

No. 04-15604
Non-Argument Calendar

_____

D. C. Docket No. 04-00007-CR-5-MCR

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RICHARD A. NUNES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**(September 2, 2005)**

Before ANDERSON, HULL and MARCUS, Circuit Judges.

PER CURIAM:

Richard A. Nunes appeals his 165-month sentence for assaulting three

federal officers, in violation of 18 U.S.C. §§ 111(a) and (b).  The district court

enhanced his sentence, pursuant to U.S.S.G. § 4B1.1(b)(C), based on his status as a

career offender.  On appeal, Nunes argues that the district court erred in sentencing

him under the then-mandatory Sentencing Guidelines.  See United States v.

Booker, 543 U.S. ___, 125 S. Ct. 738 (2005).  After review, we vacate Nunes's

sentence and remand for resentencing.

## I. BACKGROUND

### A.    Plea Colloquy

In a written plea agreement, Nunes pled guilty to three counts of assaulting a

federal officer.  During his plea colloquy, Nunes stated that the three officers

grabbed him, that he injured the officers during an ensuing melee, but that he was

justified in doing so.  Nonetheless, Nunes pled guilty "because I want to get this

over with.  I need to move on with my life. . . . I made a mistake, because it takes

two to tango, because I was involved.  I want to accept what I have to accept and

get on down the road."  After finding a sufficient factual basis to support Nunes's

plea and that his plea was freely and voluntarily given, the district court accepted it

and adjudicated Nunes guilty.

### B.    PSI and Sentencing

The Presentence Investigation Report ("PSI"), set Nunes's offense level at

32 based on a determination that Nunes qualified as a career offender under

U.S.S.G. § 4B1.1(a). The PSI reduced Nunes's base offense level by three levels

for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1. As a career

offender under U.S.S.G. § 4B1.1(b)(C), Nunes's criminal history category was

automatically VI. Even absent his career offender status, however, Nunes's

criminal history category would have been VI based on his 14 criminal history

points. With a criminal history category of VI and an offense level of 29, Nunes's

Guidelines range was 151-188 months imprisonment.

Nunes objected to the PSI and again at sentencing, arguing that Blakely v.

Washington, 542 U.S. 296, 124 S. Ct. 2531 (2004), rendered the Guidelines

unconstitutional, and that they thus could not be applied to him. The district court

overruled Nunes's objections and sentenced him to 165 months' imprisonment, the

middle of the Guidelines range.

## II. DISCUSSION

### A. Career Offender Status

For the first time on appeal, Nunes argues that his October 27, 1998

conviction for unlawful restraint was not a "crime of violence" as defined in

U.S.S.G. § 4B1.2(a), and thus, that he does not qualify as a career offender.

Because Nunes did not raise the issue of his career-offender status in the district

court, we review the argument for plain error.  United States v. Burge, 407 F.3d

1183, 1186 (11th Cir. 2005).

A defendant qualifies as a "career offender" under the Guidelines if "(1) the

defendant was at least eighteen years old at the time the defendant committed the

instant offense of conviction; (2) the instant offense of conviction is a felony that is

either a crime of violence or a controlled substance offense; and (3) the defendant

has at least two prior felony convictions of either a crime of violence or a

controlled substance offense."  U.S.S.G. § 4B1.1(a) (emphasis added).

The Guidelines define "crime of violence" as: "any offense under federal or

state law, punishable by imprisonment for a term exceeding one year, that (1) has

as an element, the use, attempted use, or threatened use of physical force against

the person of another, or (2) . . . otherwise involves conduct that presents a serious

potential risk of physical injury to another."  U.S.S.G. § 4B1.2(a).[1]

---

[1]The first application note to U.S.S.G. § 4B1.2 more specifically defines "crime of violence" as follows:

> "Crime of violence" includes murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses, robbery, arson, extortion, extortionate extension of credit, and burglary of a dwelling.  Other offenses are included as "crimes of violence" if (A) that offense has as an element the use, attempted use, or threatened use of physical force against the person of another, or (B) the conduct set forth (i.e., expressly charged) in the count of which the defendant was convicted . . . presented a serious potential risk of physical injury to another.

U.S.S.G. § 4B1.2, cmt. n. 1.

Thus, "under U.S.S.G. § 4B1.2, there are two approaches for classifying an offense as a crime of violence. The first approach is to determine whether the use, attempted use or threatened use of physical force against another is an element of" the crime. United States v. Searcy, – F.3d – , 2005 WL 1767649, at *3 (11th Cir. July 28, 2005). "Alternatively, under the second approach, we must determine whether [the crime] involves conduct that, by its nature, presents a serious potential risk of physical injury to another." Id.

In this case, the attempted use or threatened use of physical force is not an element of Nunes's prior crime of unlawful restraint. In Illinois, the defendant commits the offense of unlawful restraint when he "knowingly without legal authority detains another." 720 ILCS 5/10-3. The Illinois courts have stated that "[a]ctual or physical force is not a necessary element of unlawful restraint as long as an individual's freedom of locomotion is impaired." People v. Bowen, 609 N.E.2d 346, 361 (Ill. App. Ct. 1993).

However, under the second approach, the crime of unlawful restraint is one that "by its nature, presents a serious potential risk of physical injury to another." Searcy, 2005 WL 1767649, at *3. As the Seventh Circuit recently stated in analyzing whether unlawful restraint was a "crime of violence" for purposes of U.S.S.G. § 4B1.1, "[a] risk of violent confrontation is inherent in a crime . . . that

5

involves restraining another person against her will." United States v. Swanson, 55 Fed.Appx. 761, 762 (7th Cir. 2002). Further, other circuits have concluded that the similar crimes of false imprisonment and kidnapping by deception that do not have physical force as an element nonetheless present a serious risk of physical injury, and thus are "crimes of violence." See United States v. Zamora, 222 F.3d 756,, 764-65 (10th Cir. 2000); United States v. Williams, 110 F.3d 50, 52-53 (9th Cir. 1997); United States v. Kaplansky, 42 F.3d 320, 324 (6th Cir. 1994) (en banc).

Thus, the district court did not err, and certainly did not plainly err, in determining that Nunes's conviction for unlawful restraint constituted a "crime of violence" for purposes of U.S.S.G. § 4B1.1.

**B. Booker**

Nunes also points out that the district court applied the pre-Booker mandatory Guidelines scheme, and argues that his case should be remanded for resentencing. Because Nunes timely raised a Blakely objection in the district court, we review his Blakely, now Booker, claim de novo. United States v. Paz, 405 F.3d 946, 948 (11th Cir. 2005) (citation omitted).

In Booker, the Supreme Court held that Blakely applied to the Sentencing Guidelines. United States v. Rodriguez, 398 F.3d 1291, 1297-98 (11th Cir. 2005). "Under Booker, there are two kinds of sentencing errors: one is constitutional and

6

the other is statutory." United States v. Dacus, 408 F.3d 686, 688 (11th Cir. 2005). "[T]he Sixth Amendment right to trial by jury is violated where under a mandatory guidelines system a sentence is increased because of an enhancement based on facts found by the judge that were neither admitted by the defendant nor found by the jury." Rodriguez, 398 F.3d at 1298 (emphasis omitted). The statutory error occurs when the district court sentences a defendant "under a mandatory Guidelines scheme, even in the absence of a Sixth Amendment enhancement violation." United States v. Shelton, 400 F.3d 1325, 1330-31 (11th Cir. 2005).

In this case, we conclude that the district court did not violate Nunes's Sixth Amendment rights. First, the district court's determination that Nunes's unlawful restraint crime was sufficient to support the § 4B1.1 career offender enhancement was a question of law. Searcy, 2005 WL 1767649, at *2. Second, this Court repeatedly has concluded that an enhancement based on prior convictions does not constitute a Sixth Amendment violation under Booker. See, e.g., United States v. Orduno-Mireles, 405 F.3d 960, 962 (11th Cir. 2005).

Although there is no Sixth Amendment violation in this case, the district court committed statutory Booker error in sentencing Nunes under a mandatory Guidelines regime. Thus, we must determine whether the statutory error in Nunes's sentencing is harmless. See Paz, 405 F.3d at 948.

7

"A non-constitutional error is harmless if, viewing the proceedings in their entirety, a court determines that the error did not affect the sentence, or had but very slight effect.  If one can say with fair assurance that the sentence was not substantially swayed by the error, the sentence is due to be affirmed even though there was error."  United States v. Mathenia, 409 F.3d 1289, 1292 (11th Cir. 2005) (internal quotation marks and punctuation omitted).  The burden is on the government to show that the error was harmless and the standard "is not easy for the government to meet."  Id.

We conclude that the government has failed to meet its burden as to Nunes's sentence.  There is no evidence in the record indicating what effect, if any, changing from a mandatory to an advisory approach would have had on the district court's sentencing decision.  Accordingly, "[w]e simply do not know what the sentencing court would have done had it understood the guidelines to be advisory rather than mandatory, and had properly considered the factors in 18 U.S.C. § 3553(a)."  United States v. Davis, 407 F.3d 1269, 1271 (11th Cir. 2005).

Accordingly, we vacate Nunes's sentence and remand his case to the district court for resentencing.  We note that the district court correctly calculated Nunes's Guidelines range.  See United States v. Crawford, 407 F.3d 1174, 1178 (11th Cir. 2005) (stating that after Booker, district courts must consult the Guidelines and

"[t]his consultation requirement, at a minimum, obliges the district court to calculate <u>correctly</u> the sentencing range prescribed by the Guidelines"). Thus, on remand, the district court is required to sentence Nunes under an advisory Guidelines regime, and shall consider the Guidelines range of 151-188 months' imprisonment and "other statutory concerns as well, see [18 U.S.C.] § 3553(a) (Supp. 2004)." <u>Booker</u>, 125 S. Ct. at 757.[2]

**VACATED AND REMANDED**.

---

[2]We do not mean to suggest by our holding that the district court must impose any particular sentence on remand. Rather, we merely hold that the government did not meet its burden of showing that the <u>Booker</u> statutory error was harmless. We also do not attempt to decide now whether a particular sentence might be reasonable in this case.