Rong Jian XU, Petitioner—Appellant,

v.

Michael CHERTOFF; * Department of Homeland Security, Respondents—Appellees.

Rong Jian Xu, Petitioner—Appellant,

v.

Michael Chertoff; *** Department of Homeland Security; Alberto R. Gonzales, Attorney General, Respondents—Appellees.

Nos. 04–17366, 05–15180.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 11, 2006.**

Decided Jan. 13, 2006.

---

* Michael Chertoff is substituted for his predecessor, Tom Ridge, as Secretary of the Department of Homeland Security, pursuant to Fed. R.App. P. 43(c)(2).

** This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Martin Resendez Guajardo, Esq., Law Office of Martin Resendez Guajardo A. Professional Corporation, San Francisco, CA, for Petitioner–Appellant.

Alison E. Daw, Esq., USSJ–Office of the U.S. Attorney, San Jose, CA, for Respondents—Appellees.

Before: NOONAN, W. FLETCHER, and CALLAHAN, Circuit Judges.

MEMORANDUM ***

Rong Jian Xu ("Xu"), a United States permanent resident, appeals the district court's order dismissing his 28 U.S.C. § 2241 habeas corpus petition, which challenged the order of removal entered by an immigration judge ("IJ") and affirmed by the Board of Immigration Appeals ("BIA"). Because Xu's appeal was pending before this Court when the President signed the REAL ID Act of 2005, Pub.L. No. 109–13, 119 Stat. 231, we construe Xu's appeal as a timely filed petition for review, and review the BIA's decision, not the district court's order. *See Alvarez–Barajas v. Gonzales,* 418 F.3d 1050,

1052–53 (9th Cir.2005). We have jurisdiction under 28 U.S.C. § 1252 and we affirm.

In 1986, Xu was convicted of second degree robbery in violation of California Penal Code § 212.5(b) and received a five-year sentence. In 1993, Xu was convicted of kidnaping in violation of California Penal Code § 207(a) and received a nine-year sentence. The IJ found and the BIA affirmed that Xu was removable as an aggravated felon under INA § 241(a)(2)(A)(iii), which provides that "any alien who is convicted of an aggravated felony at any time is deportable." 8 U.S.C. § 1227(a)(2)(A)(iii). On appeal, Xu contends that his kidnaping conviction does not constitute an aggravated felony. He also·contends that he is eligible for suspension of deportation under 8 U.S.C. § 1254 (1995) (repealed 1996), whether or not his kidnaping conviction constitutes an aggravated felony.

The BIA correctly found that Xu was removable as an aggravated felon under 8 U.S.C. § 1227(a)(2)(A)(iii). 8 U.S.C. § 1101(a)(43)(F) defines an aggravated felony as "a crime of violence (as defined in section 16 of Title 18, but not including a purely political offense) for which the term of imprisonment [is] at least one year." Section 16 of Title 18 in turn defines a crime of violence as:

(a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (b) any other offense that is a *felony* and that, by its nature, *involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.*

18 U.S.C. § 16 (emphasis added).

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

Looking to the "statutory definition of the prior offense," *Ye v. I.N.S.*, 214 F.3d 1128, 1133 (9th Cir.2000), we determine that Xu's conviction for kidnaping as defined in California Penal Code § 207(a) qualifies as a crime of violence under 18 U.S.C. § 16(b) because the very nature of kidnaping involves a substantial risk of the use of physical force. *See United States v. Williams*, 110 F.3d 50, 52–53 (9th Cir. 1997); *United States v. Lonczak*, 993 F.2d 180, 181–83 (9th Cir.1993); *United States v. Sherbondy*, 865 F.2d 996, 1009 (9th Cir. 1988). Under California law, kidnaping is a felony. *See* California Penal Code § 17. Xu's sentence of nine years means that his crime qualifies as a "a crime of violence ... for which the term of imprisonment [is] at least one year" under 8 U.S.C. § 1101(a)(43)(F). The offense of which Xu was convicted therefore meets all the statutory conditions of an aggravated felony.

The BIA also correctly found that Xu was ineligible for suspension of deportation. Because an alien may only be eligible for suspension of deportation if he has demonstrated good moral character, *see* 8 U.S.C. § 1254(a)(1) (1995), and because no person could show "good moral character" once he or she has been convicted of an aggravated felony, *see* 8 U.S.C. § 1101(f)(8) (1995), Xu's conviction renders him ineligible for such relief. *See Castiglia v. I.N.S.*, 108 F.3d 1101, 1103 (9th Cir.1997) ("If an alien at any time in his life has been convicted of an aggravated felony, then he cannot meet the good character requirement") (internal citations omitted).

For these reasons, we AFFIRM the BIA's decision. Xu's petition for review is DENIED.