**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| IGNACIO GALVAN-HERNANDEZ, AKA Ignacio Galvan, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 10-70118 <br><br> Agency No. A090-528-740 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted January 10, 2011
San Francisco, California

Before: HUG, SCHROEDER, and RAWLINSON, Circuit Judges.

Galvan-Hernandez petitions for review of the Board of Immigration

Appeals' decision finding him removable because his conviction for attempted

kidnapping, pursuant to Ariz. Rev. Stat. §§ 13-1001 and 13-1304, qualifies as a

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

crime of violence, and hence, an aggravated felony, as defined in 8 U.S.C. § 1101(a)(43)(F), (U).

"We review de novo whether a criminal conviction is a crime of violence and therefore an aggravated felony rendering an alien removable." *Covarrubias Teposte v. Holder*, 623 F.3d 1094, 1096 (9th Cir. 2010) (citation omitted). The Board of Immigration Appeals properly determined that attempted kidnapping under the Arizona statutes is categorically a crime of violence under 18 U.S.C § 16(b) because it involves a substantial risk that physical force may be used in the course of committing the offense. *See United States v. Williams*, 110 F.3d 50, 52 (9th Cir. 1997) (holding that kidnapping "involves a serious potential risk of physical injury to the kidnapped person.") (citing cases) (alteration and internal quotation marks omitted).

Once a determination is made that an alien was convicted of an aggravated felony, we lack jurisdiction to conduct any further review of the Board of Immigration Appeals' decision. *See Arteaga v. Mukasey*, 511 F.3d 940, 946 (9th Cir. 2007).

**PETITION DISMISSED.**