W. EUGENE DAVIS, Circuit Judge:
Defendant-Appellant, Ronald H. Riva, appeals his sentence imposed on a guilty-plea for unlawful possession of a firearm. Appellant argues that the district court erred by enhancing his sentence under U.S.S.G. § 4B1.2(a) based on its conclusion that his prior Texas conviction for unlawful restraint of a person less than 17 years of age[1] was a “crime of violence”. Because *723 we agree with the district court that this offense is a “crime of violence,” we affirm Riva’s sentence.
I.
Ronald H. Riva, III, pleaded guilty to an indictment charging him with possession of a firearm by a convicted felon. 18 U.S.C. § 922(g)(1). The presentence report (“PSR”) recommended that the district court enhance Riva’s sentence pursuant to U.S.S.G. § 2K2.1 because Riva had been previously convicted of two crimes of violence — unlawful restraint of a person less than 17 years of age and aggravated assault. Riva objected to the PSR, arguing that his Texas unlawful restraint conviction was not a crime of violence under U.S.S.G. § 4B1.2. The district court overruled the objection, adopted the findings of the PSR, and sentenced him to 96 months imprisonment and three years supervised release. This appeal follows.
II.
In reviewing a sentence under the sentencing guidelines, we review the interpretation or application of the guidelines de novo. United States v. Charles, 301 F.3d 309, 312-13 (5th Cir.2002)(en banc).
Riva was sentenced under § 2K2.1(a)(2) of the Sentencing Guidelines, which provides for a base offense level of 24 if a defendant has at least two prior felony convictions for crimes of violence. That section adopts the definition of “crime of violence” as provided in U.S.S.G. § 4B1.2 and its commentary.[2]
The Government concedes that subsection (a)(1) of § 4B1.2 is inapplicable because “use of force” is not an element of the Texas crime of unlawful restraint. See Texas Pen.Code Ann. § 20.02 (Vernon 2002). Thus, the issue we must decide is whether unlawful restraint of a person less than 17 years of age is a crime of violence under the residual clause of § 4B1.2(a)(2) because it “otherwise involves conduct that presents a serious potential risk of physical injury to another.” U.S.S.G. § 4B1.2(a)(2).
In determining whether a prior conviction is a “crime of violence” under the residual clause of § 4B1.2(a)(2), this court takes a categorical approach and may only look to the relevant statute and in certain circumstances to the conduct alleged in the charging document. United States v. Charles, 301 F.3d 309, 313-14 *724 (5th Cir.2002). Under Charles, a prior conviction is considered a crime of violence under the residual clause “only if, from the fact of the indictment, the crime charged or the conduct charged presents a serious potential risk of injury to a person. Injury to another need not be a certain result, but it must be clear from the indictment that the crime itself or the conduct specifically charged posed this serious potential risk.” Id. at 314. When a statute provides a list of alternative methods of committing an offense, we may look to the charging papers to determine by which method the crime was committed in a particular case. See United States v. Colderon-Pena, 383 F.3d 254, 258 (5th Cir.2004); United States v. Bonilla-Mungia, 422 F.3d 316 (5th Cir.2005).
The information to which Riva pleaded guilty charged that he “intentionally and knowingly by force, intimidation, and deception, [did] restrain Sage Wheatley, a child younger than 17 years of age, without her consent, by restricting the movements of the said Sage Wheatley, to wit, by locking her in a closet, against the peace and dignity of the State.” Appellant argues that United States v. Houston, 364 F.3d 243 (5th Cir.2004) applies in the instant case. In Houston we held that “[i]f an indictment is silent as to the offender’s actual conduct, we must proceed under the assumption that his conduct constituted the least culpable act satisfying the count of conviction.” Id. at 246. See also United States v. Insaulgarat, 378 F.3d 456, 467 (5th Cir.2004). The Texas unlawful restraint statute is written disjunctively, and the offense can be committed by restraining a person by force, intimidation, or deception. As indicated above, however, the information to which Riva pleaded guilty charged Riva conjunctively by alleging that he restrained another person by force, intimidation, and deception. Appellant argues that because prosecutors generally charge offenses in the conjunctive but prove them in the disjunctive, the bill of information does not reveal whether appellant pleaded guilty to restraining a person by force, intimidation, or deception.
Appellant further contends that under the least culpable means approach set forth in Houston, this court must assume that Riva locked a child under the age of 17 in a closet by using deception. The Government, on the other hand, argues that the information charged Riva with restraining a child by force, intimidation, and deception and that when Riva pleaded guilty to the information, he admitted that he used all three methods. Even if we assume that Riva’s argument is correct, and that under the “least culpable means” analysis the restraint was accomplished by deception, we are still persuaded that unlawfully restraining a child under the age of 17 by confining her is a crime of violence.[3]
Riva maintains that while locking a child under the age of 17 in a closet by means of deception could cause a serious potential risk of physical injury, it does not necessarily implicate that risk.[4] We disagree.[5] *725 We agree with the Government that a serious potential risk of injury is created when a child is confined without his or her consent. Children are more vulnerable than adults, and a child locked in a closet is at risk for dehydration, malnourishment, infection, and physical injuries in escape attempts.
Appellant also argues that because the information did not charge him with a third-degree felony for recklessly exposing the victim to a substantial risk of serious physical injury, it follows that Riva’s offense did not present a serious potential risk of injury to another and does not qualify as a crime of violence under the residual clause of U.S.S.G. § 4B1.2(a). Riva’s argument is not persuasive. For an offense to qualify as a crime of violence, the Government need only prove that commission of the offense created a serious potential for physical injury. On the other hand, to establish the third degree felony under Texas Penal Code § 20.02(c)(2)(A), the state is required to prove that the defendant exposed the victim to a substantial risk (rather than a potential risk) to serious physical injury (rather than physical injury). The fact that the state prosecutors declined to charge Appellant with the third degree felony offense does not preclude a crime of violence enhancement for the state jail felony child restraint offense.
III.
Because we find that unlawful restraint by confinement is a crime of violence whether accomplished by force, intimidation, or deception, we affirm Riva’s sentence.
AFFIRMED.

. The Texas unlawful restraint statute provides: "(a) A person commits an offense if he intentionally or knowingly restrains another person ... (c) An offense under this section is a Class A misdemeanor except that the offense is: (1) a state jail felony if tire person restrained was a child younger than 17 years of age; or (2) a felony of the third degree if: (A) the actor recklessly exposes the victim to a substantial risk of serious bodily injury ...” Tex. Pen.Code Ann. § 20.02(a) (Vernon 2002). *723 " 'Restrain' means to restrict a person's movements without consent, so as to interfere substantially with the person's liberty by moving the person from one place to another or by confining the person. Restraint is 'without consent’ if it is accomplished by: (A) force, intimidation, or deception.” Tex. Pen.Code Ann. 20.01 (Vernon 2002).

. Section 4B 1.2(a) defines "crime of violence” as:
[A]ny offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—
(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
(2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.
U.S.S.G. § 4B1.2(a) (emphasis added).
The commentary further provides:
"Crime of violence” includes murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses, robbery, arson, extortion, extortionate extension of credit, and burglary of a dwelling. Other offenses are included as "crimes of violence” if (A) that offense has as an element the use, attempted use, or threatened use of physical force against the person of another, or (B) the conduct set forth (i.e., expressly charged) in the count of which the defendant was convicted involved use of explosives (including any explosive material or destructive device) or, by its nature, presented a serious potential risk of physical injury to another. U.S.S.G. § 4B1.2 (application note 1).

. Although not raised by the parties, we note that the Texas statute for unlawful restraint of a child under the age of 17 can also be accomplished disjunctively by either 1) moving the person from one place to another or 2)confining the person. As discussed above, we may look to the conduct in the indictment to determine which disjunctive element the defendant committed. See Calderon-Pena, 383 F.3d at 258. The allegation of the information charging Riva with locking a child in a closet, makes it clear that the state charged Riva with confining the child rather than moving her from one place to another.

. Appellant cites several cases to support his argument, including United States v. Houston, 364 F.3d 243 (5th Cir.2004) and United States v. Insaulgarat, 378 F.3d 456 (5th Cir.2004). However, the reasoning in those cases does not apply in the instant case. In Houston, we held that statutory rape, under a least culpable means analysis, would not necessarily be a crime of violence because "sexual inter *725 course between a 20 year old male and female a day under 17, free of aggravating circumstances such as the victim's lack of consent or the offender's use of violence, does not present a serious potential risk of physical injury ...." 364 F.3d at 248 (emphasis added). Insaulgarat involved a conviction for aggravated stalking. In that case, we found that the conviction could be for phone calls or suicide threats, which do not involve conduct that presents a potential for physical injury. Insaulgarat, 378 F.3d at 470-71. Unlike the cases Appellant cites, we are persuaded that any violation of Texas Penal Code 20.02(c)(1) by confining a person creates a serious potential risk of physical injury.

. Other Circuits have also found that similar unlawful restraint statutes constitute a crime of violence because "by [their] nature, [they] present[] a serious potential risk of physical injury to another." United States v. Nunes, 147 Fed.Appx. 854 (11th Cir.2005). See also United States v. Wallace, 326 F.3d 881, 886-87 (7th Cir.2003) and United States v. Swanson, 55 Fed.Appx. 761, 762 (7th Cir.2003) (stating that "[a] risk of violent confrontation is inherent in a crime ... that involves restraining another person against her will.”). Further, other circuits have found that similar offenses such as kidnapping and false imprisonment by deception that do not have physical force as an element present a serious risk of physical injury, and are "crimes of violence." See United States v. Zamora, 222 F.3d 756, 764-65 (10th Cir.2000); United States v. Williams, 110 F.3d 50, 52-53 (9th Cir.1997); United States v. Kaplansky, 42 F.3d 320, 324 (6th Cir.1994)(en banc).