

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-8-2008

# USA v. Smith

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3222

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Smith" (2008). *2008 Decisions.* Paper 877.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/877

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 07-3222
_____

UNITED STATES OF AMERICA

v.

GERALD L. SMITH,

Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 07-cr-00201)
District Judge:  Honorable James T. Giles

_____

Argued June 6, 2008

Before:  AMBRO, CHAGARES, and COWEN,  Circuit Judges.

(Filed July 8, 2008)

Robert Epstein (Argued)
Sarah S. Gannett, Esq.
Federal Community Defender Office for the Eastern District of Pennsylvania
Suite 540 West – Curtis Center
601 Walnut Street
Philadelphia, PA 19106
*Counsel for Appellant*

James R. Pavlock (Argued)
United States Attorney's Office

615 Chester Street, Suite 1250
Philadelphia, PA 19106
*Counsel for Appellee*

_____

OPINION OF THE COURT
_____

CHAGARES, <u>Circuit</u> <u>Judge</u>.

Gerald Smith appeals the District Court's order revoking his supervised release and imposing a sentence of five years' incarceration. Smith argues that the District Court erred in ruling that his conviction of unlawful restraint/involuntary servitude in violation of 18 Pa.C.S. § 2902(a)(2) constituted a "crime of violence" under U.S.S.G. § 4B1.2 and imposed an unreasonable sentence. We disagree and will affirm the order of the District Court.

## I.

As we write only for the parties, we do not set out the facts in great detail. On May 24, 2007, Gerald Smith's probation officer filed a petition for Violation of Supervised Release. The District Court held a hearing on the matter, at which the Government presented evidence that Smith pled guilty in state court to multiple new offenses, including: (1) two counts of unlawful restraint/involuntary servitude in violation of 18 Pa.C.S. § 2902(a)(2); (2) two counts of recklessly endangering another person in violation of 18 Pa.C.S. § 2705; (3) various drug possession offenses; and (4) various traffic offenses. The Government also presented

2

evidence that Smith had failed to report to his probation officer in June, July, and August of 2006.

The District Court revoked Smith's supervised release based on his admissions that he committed a crime and failed to report to his probation officer while on supervised release. The District Court concluded that Smith's conviction for unlawful restraint/involuntary servitude constituted a "crime of violence," and was therefore a Grade A violation. The court imposed the maximum sentence of five years imprisonment to be served consecutively with his state sentence.

## II.

We have appellate jurisdiction over the final decision of the District Court under 28 U.S.C. § 1291 and over the sentence imposed under 18 U.S.C. § 3742(a). We review *de novo* whether a particular crime constitutes a "crime of violence." United States v. Siegel, 477 F.3d 87, 90 n.1 (3d Cir. 2007). We review sentences imposed for violations of supervised release for reasonableness. United States v. Bungar, 478 F.3d 540, 542 (3d Cir. 2007). We must determine whether the District Court "reasonably applied" the sentencing factors in 18 U.S.C. § 3553(a) to this case. United States v. Cooper, 437 F.3d 324, 330 (3d Cir. 2006). Our review of the District Court's consideration of the § 3553(a) factors is deferential, "[b]ecause the trial court is in the best position to determine the appropriate

3

sentence in light of the particular circumstances of the case." United States v. Parker, 462 F.3d 273, 276 (3d Cir. 2006) (quotation marks omitted).

### III.

Smith argues that the District Court erred in its conclusion that his conviction for unlawful restraint/involuntary servitude constituted a crime of violence. We disagree.

The Sentencing Guidelines define the term "crime of violence" as

> [A]ny offense under federal or state law, punishable by imprisonment for a term exceeding one year, that-
>
> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (2) . . . or *otherwise involves conduct that presents a serious potential risk of physical injury to another.*

U.S.S.G. § 4B1.2(a) (emphasis added). In order to determine whether a conviction constitutes a "crime of violence" under the Sentencing Guidelines, we apply the "formal categorical approach," under which we "'must look only to the statutory definitions of the prior offenses' and may not 'consider other evidence concerning the defendant's prior crimes,' including, the 'particular facts underlying [a] conviction[].'" Singh v. Ashcroft, 383 F.3d 144, 147-48 (3d Cir. 2004) (quoting Taylor v. United States, 495 U.S. 575, 600 (1990)); see also United States v. Otero, 502 F.3d 331, 335 (3d Cir. 2007).

4

The categorical approach "requires three steps. First, we must establish for which specific crimes [Smith] was convicted. Second, we must interpret the necessary elements of those crimes. Third, we must determine whether those elements necessarily bring the state crime within one of the definitions of [crime of violence], as we construe them." United States v. Remoi, 404 F.3d 789, 792-93 (3d Cir. 2005).

At the revocation hearing, the Government presented evidence that Smith was convicted and sentenced under Pennsylvania law of "knowingly . . . hold[ing] another in a condition of involuntary servitude." 18 Pa.C.S. § 2902(a)(2). The Government argued, and the District Court agreed, that the plain language of Pennsylvania's unlawful restraint/involuntary servitude statute "connotes . . . the use of force or some kind of imprisonment that was accomplished by force or threatened force." Appendix (App.) 35.

We conclude that the conviction satisfies the definition set forth in the second prong of U.S.S.G. § 4B1.2(a). "Knowingly" "hold[ing]" a person "involuntarily" involves an inherent risk of physical injury. Even if the person is not held by force, there is a strong likelihood that a person would use force to resist being held, and physical injury would ensue. See, e.g., United States v. Luster, 305 F.3d 199, 201-02 (3d Cir. 2002) (determining that the crime of escape under Pennsylvania law, "by its nature, present[s] a serious potential risk of physical injury to another"); United States v. Riva, 440 F.3d 722, 723-25 (5th Cir.

5

2006) (explaining that under Texas law, unlawful restraint – "whether accomplished by force, intimidation, or deception" – creates a serious potential risk of injury and is therefore a crime of violence under U.S.S.G. § 4B1.2(a)(2)).

Moreover, Smith's reliance on <u>Begay v. United States</u>, 128 S. Ct. 1581 (2008), in which the Supreme Court considered the definition of "violent felony" under the Armed Career Criminal Act, is unavailing. Contrary to Smith's contention, his conviction for unlawful restraint/involuntary servitude is not akin to a conviction for the strict liability offense of driving under the influence of alcohol.

Accordingly, we conclude that Smith's conviction for unlawful restraint/ involuntary servitude constitutes a Grade A violation of supervised release for sentencing purposes. Given our determination that this conviction constitutes a crime of violence, we need not consider whether his conviction for reckless endangerment also constitutes a Grade A violation of supervised release.

**IV.**

Smith argues that the District Court's imposition of a consecutive sentence of five years was unreasonable in light of his need for rehabilitative and transitional services and the length of his state sentence. According to Smith, the District Court failed to give meaningful consideration to the 18 U.S.C. § 3553(a) factors. We disagree.

6

To satisfy the reasonableness requirement, the "record must demonstrate the trial court gave meaningful consideration to the § 3553(a) factors. A district court need not [however] discuss and make findings as to each of the § 3553(a) factors." Parker, 462 F.3d at 276 (citations and quotation marks omitted). The District Court heard from defense counsel about Smith's medical condition as well as his difficulty with the transition back into society after nearly 20 years of incarceration. Smith also testified as to his need for treatment and asserted that he was remorseful for his actions. The court, however, rejected Smith's request for leniency on the ground that Smith could have sought help from his probation officer, but instead failed even to report to him.

The District Court sufficiently stated its reasons for the sentence it imposed and meaningfully considered the § 3553(a) factors in fashioning a sentence appropriate to the circumstances of Smith's case. The sentence was within the upper end of the advisory guidelines range for a Grade A violation. We conclude therefore that the sentence was both procedurally and substantively reasonable.

## V.

For all of the foregoing reasons, we will affirm the District Court's revocation of supervised release and the sentence imposed.