# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 10, 2009

Charles R. Fulbruge III
Clerk

No. 08-60020

CHRISTOPHER CHARLES KERR

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A44-857-956

Before BARKSDALE, DENNIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

At issue in this case is whether petitioner's conviction under Florida's false imprisonment statute, Fla. Stat. § 787.02, is an "aggravated felony" for purposes of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1227(a)(2)(a)(iii). Petitioner Christopher Charles Kerr ("petitioner"), a lawful resident alien, was served with a Notice to Appeal charging him removable on grounds that he has been convicted of an aggravated felony. Overturning the initial decision of the Immigration Judge ("IJ"), the Board of Immigration Appeals ("BIA") held that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the Florida false imprisonment offense is categorically a crime of violence pursuant to 18 U.S.C. § 16(b) because it "is a felony that, by its nature, involves a substantial risk that physical force against the person . . . of another may be used in the course of committing the offense." Accordingly, the BIA ordered petitioner removed as charged. Petitioner then filed the instant petition for review, alleging the BIA erred in this determination. For the reasons set forth below, we grant the petition for review and remand to the BIA for further proceedings.

## I. BACKGROUND

Petitioner is a native and citizen of Jamaica. He was admitted to the United States in December 1995 as a lawful permanent resident. Over a decade later, on August 21, 2006, he was convicted of false imprisonment under Fla. Stat. § 787.02. That statute provides, in relevant part:

> (1)(a) The term "false imprisonment" means forcibly, by threat, or secretly confining, abducting, imprisoning, or restraining another person without lawful authority and against her or his will;
>
> (b) Confinement of a child under the age of 13 is against his or her will within the meaning of this section if such confinement is without the consent of her or his parent or legal guardian.
>
> (2) A person who commits the offense of false imprisonment is guilty of a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.

Fla. Stat. § 787.02.

Petitioner was charged with this crime on March 10, 2005, via criminal information.[1] The information alleged only that petitioner "did forcibly, by threat or secretly confine abduct, imprison, or restrain [the victim] without

---

[1] The other counts included kidnapping, attempted armed sexual battery, aggravated assault, child abuse, carrying a concealed weapon, battery, and resisting an officer without violence to his person, in addition to the false imprisonment count. R. 263. Some of these charges were dismissed by the state as part of the plea agreement, *see* R. 247, and the others were not alleged to be grounds for removal in the Notice to Appear, *see* R. 387.

2

lawful authority and against her will" in violation of Fla. Stat. § 787.02. *See* R. 264. Notably, the information did not provide any specific details as to how petitioner was alleged to have committed the crime, nor did it cite a specific subsection of § 787.02 – instead referencing only the statute as a whole. *See id.* Following a no contest plea, petitioner was sentenced to twenty-one months imprisonment on the false imprisonment count, and 364 days imprisonment on the remaining three counts (battery, carrying a concealed weapon, and resisting an officer) – all to run concurrently. R. 245, 247.

Petitioner was served with a Notice to Appear on February 20, 2007. The The Notice charged petitioner with removability under 8 U.S.C. § 1227(a)(2)(A)(iii) for having been convicted of an aggravated felony as defined at 8 U.S.C. § 1101(a)(43)(F) and sentenced to at least one year imprisonment. R. 387.

In proceedings before the IJ, petitioner admitted the Notice's factual allegations but opposed removability. R. 213. First, petitioner argued that the Secretary did not carry his burden based on the documentation in the administrative record of proving that the sentence imposed for the false imprisonment charge exceeded one year.[2] R. 263-70. Second, petitioner argued that the statute of conviction—Fla. Stat. § 787.02—is not categorically an aggravated felony under 8 U.S.C. § 1101(a)(43)(F). R. 237-40.

The IJ issued a written decision finding for petitioner. Specifically, the IJ concluded that Florida's false imprisonment offense is not a crime of violence under 18 U.S.C. § 16(a) because it "does not have, as an element, the use,

---

[2] The IJ found that the Secretary failed to meet his burden of showing that petitioner received a term of imprisonment of at least one year on the false imprisonment count because the "admissible documents" included the judgment on the false imprisonment charge, but not the sentence. R. 200. Thus, the admissible documents pertaining to sentencing, the IJ concluded, show only the 364-day sentence on the three other counts petitioner was convicted of. *Id.* The BIA concluded that the Secretary did meet his burden of proving that petitioner received a sentence in excess of one year on the false imprisonment conviction. In so holding, the BIA reversed the IJ's conclusion that the proferred evidence was not admissible. R. 109-10. Petitioner does not contest this ruling of the BIA in the instant petition for review.

attempted use, or threatened use of violent or destructive force." R. 198. The IJ, applying Fifth Circuit precedent, also concluded that the offense is not a crime of violence under 18 U.S.C. § 16(b) because it does not "by its nature, involve[] a substantial risk that physical force against the person or property of another may be used the course of committing the offense." R. 199-200. The IJ accordingly ordered that the removal proceedings be terminated. *Id.*

The Secretary appealed to the BIA. The BIA overturned the IJ's ruling and found for the Secretary in a written decision issued August 15, 2007. R. 109-11. The BIA agreed with the IJ's determination that § 787.02 is not a crime of violence under § 16(a) because it "does not necessarily involve 'the use, threatened use, or attempted use of physical force.'" R. 110. However, the BIA disagreed with the IJ's determination that § 787.02 is not a crime of violence under § 16(b), relying on our decision in *United States v. Riva*, 440 F.3d 722 (5th Cir. 2006), which held that false imprisonment under Texas law—which also punishes imprisonment by deception—is a crime of violence for purposes of the Sentencing Guidelines. R. 110. The BIA also reasoned that "an individual who intentionally and unlawfully confines or restrains another without consent necessarily disregards the substantial risk that in the course of committing the offense, he will have to use physical force against another, either to effect the victim's restraint or confinement in the first instance or to overcome the victim's resistance, or both." R. 110-11.

Because it concluded that petitioner's false imprisonment conviction was a crime of violence for which he was sentenced to at least one year imprisonment, the BIA sustained the Secretary's appeal, vacated the IJ's decision, reinstated the removal proceedings, and remanded the matter to the IJ. R. 111. On remand, the IJ ordered petitioner removed as charged. R. 95-96. Petitioner appealed to the BIA, which dismissed the appeal and affirmed its prior decision. R. 2. Petitioner filed the instant petition for review.

4

## II.  STANDARD OF REVIEW

The court of appeals lacks jurisdiction to review a removal order based on an alien's commission of an aggravated felony.  *See* 18 U.S.C. § 1252(a)(2)(C).  However, the court retains jurisdiction to review constitutional claims and questions of law raised in a petition for review.  *Larin-Ulloa v. Gonzales*, 462 F.3d 456, 461 (5th Cir. 2006).  Because the question of whether an offense constitutes an aggravated felony is a "purely legal one," the court has jurisdiction to review Kerr's petition.  *See Patel v. Mukasey*, 526 F.3d 800, 802 (5th Cir. 2008).  Moreover, the court also has jurisdiction to "determine [its] own jurisdiction, *i.e.*, to determine whether the conviction qualifies as an aggravated felony."  *Omari v. Gonzales*, 419 F.3d 303, 306 (5th Cir. 2005).

"With respect to determining whether a prior conviction falls within a provision of the [INA], we 'accord substantial deference to the BIA's interpretation of the INA' itself and definitions and phrases within it.  We then review *de novo* whether the particular statute that the prior conviction is under falls within the relevant INA definition."  *Id.* (internal citations omitted) (quoting *Smalley v. Ashcroft*, 354 F.3d 332, 335-36 (5th Cir. 2003)).

## III.  DISCUSSION

"Any alien who is convicted of an aggravated felony at any time after admission is deportable."  8 U.S.C. § 1227(a)(2)(A)(iii).  Section 101(a)(43) of the INA defines "aggravated felony" to include, *inter alia*, "a crime of violence (as defined in section 16 of title 18, but not including a purely political offense) for which the term of imprisonment is at least one year."  8 U.S.C. § 1101(43)(F).  Title 18 of the United States Code, Section 16, in turn defines the phrase "crime of violence" to mean, *inter alia*, "any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or

property of another may be used in the course of committing the offense." 18 U.S.C. §16(b).[3]

Petitioner contends the BIA erred in concluding that Florida's false imprisonment offense is a "crime of violence" under § 16(b). To that end, petitioner offers two arguments. First, petitioner argues that the BIA failed to properly apply the "categorical approach." Second, petitioner argues the false imprisonment statute is a divisible statute containing multiple offenses, and that the BIA failed to apply the "modified categorical approach." Under both the categorical and modified categorical approaches, petitioner argues, the BIA erred in concluding that false imprisonment under Fla. Stat. § 787.02 is a crime of violence. We agree that the BIA erred in its application of the categorical approach and, because it did not apply the modified categorical approach, we conclude that remand is appropriate for the agency to make the initial determination on that issue.

"To determine whether an alien's guilty plea conviction constitutes an aggravated felony for removal purposes, we apply a 'categorical approach,' under which we refer only to the statutory definition of the crime for which the alien was convicted . . . and ask whether that legislatively-defined offense necessarily fits within the INA definition of an aggravated felony." *Larin-Ulloa*, 462 F.3d at 463 (citations omitted). Accordingly, the court focuses on the statutory element of the offense and not on the actual facts underlying the conviction. *See Taylor v. United States*, 495 U.S. 575, 600-02 (2004); *James v.* Gonzales, 464 F.3d 505, 508 (5th Cir. 2006); *United States v. Calderon-Pena*, 383 F.3d 254, 257 (5th Cir. 2004).

---

[3] Title 18, section 16(a) of the United States Code provides that a "'crime of violence' means . . . an offense that has an element the use, attempted use, or threatened use of physical force against the person or property of another." The IJ and BIA both concluded that false imprisonment under § 787.02 does not have as an element the use, attempted use, or threatened use of physical force, and the offense is therefore not a crime of violence under § 16(a). Neither party contests that ruling, and that issue is therefore not before the court.

Section 16(b) defines a "crime of violence" as "any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." The Supreme Court interpreted § 16(b) in *Leocal v. Ashcroft*, 543 U.S. 1 (2004), explaining that § 16(b) "covers offenses that naturally involve a person acting in disregard of the risk that physical force might be used against another in committing an offense." *Leocal*, 543 U.S. at 10. Stated differently, "The reckless disregard in § 16 relates *not* to the general conduct or to the possibility that harm will *result* from a person's conduct, but to the risk that the use of physical force might be *required* in committing a crime." *Id.* (emphasis added). Moreover, § 16(b) requires a higher *mens rea* "than . . . merely accidental or negligent conduct." *Id.* at 11 .

The Florida false imprisonment offense is not categorically a "crime of violence" under § 16(b) because, in addition to forcible imprisonments, the statute also punishes "confinement" of a child without the consent of his or her legal guardian, even if the child acquiesces or consents in fact to the confinement.[4] Other circuits have held that the false imprisonment of a child due only to a lack of consent by the child's legal guardian does not involve a substantial risk that physical force will be used to commit the offense. The Second Circuit held in *Dickson v. Ashcroft*, 346 F.3d 44 (2d Cir. 2003), that New York's unlawful imprisonment offense[5] is not a crime of violence under § 16(b)

---

[4] Abduction of a child without the consent of a parent or legal guardian under section 787.02(1)(b) is not a separate offense; rather, section 787.01(b)(b) provides only a means of proving the "against his or her will" element of the false imprisonment crime. *See Cromer v. State*, 514 So.2d 416, 417 (Fla. Dist. Ct. App. 1987).

[5] The relevant statute makes it a crime to restrain another and defines "restrain" as follows: "'Restrain' means to restrict a person's movements intentionally and unlawfully in such manner as to interfere substantially with his liberty by moving him from one place to another, or by confining him either in the place where the restriction commences or in a place to which he has been moved, without consent and with knowledge that the restriction is unlawful. A person is so moved or confined 'without consent' when such is accomplished by (a) physical force, intimidation or deception, or (b) any means whatever, including

7

because it punishes the "restraint of an incompetent person or child under sixteen . . . even with the victim's acquiescence and without the use or risk of force." *Id.* at 52. Similarly, the Seventh Circuit held in *United States v. Franco-Fernandez*, 511 F.3d 768 (7th Cir. 2008), that Illinois's offense of child abduction by a putative father[6] is not a crime of violence under § 16(b) because "the offense specifically targets nonforcible conduct . . . without regard to the victim's resistance, consent, or acquiescence." *Id.* at 772.

Like the offenses at issue in *Dickson* and *Franco-Fernandez*, the Florida offense of false imprisonment can be committed upon a child who acquiesces or consents in fact to the confinement. There is certainly a possibility that physical force might result from a parent whose child is confined without the parent's consent (an upset parent scenario), but such force is not necessarily required to commit the offense—rather, it is merely a harm that might result from the commission of the offense. *See Leocal*, 543 U.S. at 10. Accordingly, imprisonment of a willing child does not present a substantial risk of using physical force against another.[7]

In *Riva*, we considered whether the Texas offense of unlawful restraint is a crime of violence under U.S.S.G. § 4B2.1(a)(2), which defines a crime of violence as "conduct that presents a serious potential risk of physical injury to

---

acquiescence of the victim, if he is a child less than sixteen years old or an incompetent person and the [custodial parent or institution] has not acquiesced in the movement or confinement." N.Y. Penal Law § 135.00(1).

[6] A person commits child abduction by a putative father if he "[i]ntentionally conceals, detains or removes the child without the consent of the mother or lawful custodian of the child if the person is a putative father and either: (A) the paternity of the child has not been legally established or (B) the paternity . . . has been legally established by no orders relating to custody have been entered." 720 Ill. Comp. Stat. 5/1/-5(b)(3).

[7] The Eleventh Circuit noted in *Brooks v. Ashcroft*, 283 F.3d 1268 (11th Cir. 2002), that "Fla. Stat. § 787.02, False Imprisonment . . . is a crime of violence." *Id.* at 1272 n.5. The Eleventh Circuit made this observation without the benefit of the Supreme Court's decision in *Leocal,* and the persuasive decisions of the Second Circuit in *Dickson* and the Seventh Circuit in *Franco-Fernandez*, all of which issued after *Brooks*.

another."[8] 440 F.3d at 723 & n.2. The offense punished, *inter alia*, the restraint of a child younger than seventeen by means of deception without her consent. *See id*. at 724. We concluded that the offense is a crime of violence because "a serious risk of injury is created when a child is confined without his or her consent. Children are more vulnerable than adults, and a child locked in a closet is at risk for dehydration, malnourishment, infection, and physical injuries in escape attempts." *Id*. at 725.

*Riva* is inapposite because the statute of conviction in that case involved only the restraint of an unwilling or non-consenting child. The panel's reasoning in *Riva* relied heavily on this lack of consent, concluding that it posed a serious risk of injury from, among other things, escape attempts. *See Riva*, 440 F.3d at 725. In the instant case, false imprisonment under Florida law can be accomplished even when the child acquiesces or affirmatively consents to the confinement or restraint, materially distinguishing the statute of conviction here from the offense considered in *Riva*.

Accordingly, we hold that the Florida offense of false imprisonment, Fla. Stat. § 787.02, is not categorically a crime of violence under § 16(b). The BIA, in concluding otherwise, misapplied the categorical approach to order petitioner's removal.[9]

The Secretary urges the court to remand to the BIA for application of the "modified categorical approach" in this matter. "[C]ourts are authorized to apply a modified categorical approach" when a "statute is . . . divisible in that it defines

---

[8] "[I]n the past we have used § 16(b) cases to interpret § 4B1.2(a) cases, and vice versa. . . . Other cases in this circuit, however, have made clear that § 16 and § 4B1.2(a) are different, and what qualifies as a crime of violence under one does not necessarily qualify under the other." *United States v. Charles*, 301 F.3d 309, 312 (5th Cir. 2002) (en banc).

[9] Petitioner also argues that the Florida false imprisonment offense is not a crime of violence because it punishes the "secret" confinement of an adult. Because we hold that the BIA erred in concluding that the offense is a categorical crime of violence under § 16(b) because it punishes some conduct that does not "by its nature, involve[] a substantial risk that physical force against the person or property of another may be used in the course of committing the offense," we need not consider this additional argument.

9

multiple offenses, at least one of which constitutes an aggravated felony." *Perez-Munoz v. Keisler*, 507 F.3d 357, 362 (5th Cir. 2007). The modified categorical approach allows the court to "examine certain additional documents . . . to determine whether the conviction was 'necessarily' for a particular crime defined by the statute that meets the aggravated felony criteria." *Larin-Ulloa,*462 F.3d at 464. When the conviction was the product of a guilty plea, these additional documents are the "'charging document, the written plea agreement, transcript of the plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented.'" *Omari v. Gonzales*, 419 F.3d 303, 308 (5th Cir. 2005) (quoting *Shepard v. United States*, 544 U.S. 13, 16 (2005)). The petitioner prevails if the additional documents "are insufficient to establish that petitioner was necessarily convicted of an aggravated felony." *See Larin-Ulloa*, 462 F.3d at 464.

The BIA's determination that the Florida false imprisonment offense is a categorical "crime of violence" under § 16(b) made it unnecessary for the BIA, when it considered this case, to apply the modified categorical approach. Remand is generally appropriate where the BIA has not yet considered an issue. *See Negusie v. Holder*, 129 S. Ct. 1159, 1164 (2009) ("When the BIA has not spoken on 'a matter that statutes place primarily in agency hands,' our ordinary rule is to remand to 'giv[e] the BIA the opportunity to address the matter in the first instance in light of its own experience.'" (quoting *INS v. Ventura*, 537 U.S. 12, 16-17 (2002) (per curiam))). "[F]ederal courts are not generally empowered to conduct initial inquiries into matters that statutes place primarily in agency hands. In such cases, the agencies perform the role of initial factfinders; federal courts may only properly involve themselves after the agencies have first considered the underlying merits of the claim, and then only in an appellate review fashion." *Zalawadia v. Ashcroft*, 371 F.3d 292, 296 n.6 (5th Cir. 2004) (citing *Ventura*, 537 U.S. at 16-17). Because the BIA has not yet applied the modified categorical approach in this matter, we remand this petition to the BIA

for its application of the modified categorical approach to determine whether petitioner's conviction under Florida's false imprisonment offense was a "crime of violence" for purposes of § 16(b).

## IV. CONCLUSION

Accordingly, we GRANT the petition for review and REMAND for further proceedings consistent with this opinion.