In the

# United States Court of Appeals
## For the Seventh Circuit

No. 06-3273

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

PETER FRANCO-FERNANDEZ,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 06 CR 130—**James F. Holderman**, *Chief Judge.*

ARGUED MAY 2, 2007—DECIDED JANUARY 2, 2008

Before EVANS, WILLIAMS, and SYKES, *Circuit Judges.*

SYKES, *Circuit Judge.* This appeal requires us to decide whether the Illinois offense of "putative father" child abduction, 720 ILL. COMP. STAT. 5/10-5(b)(3), is either a crime of violence or an aggravated felony for purposes of the increased offense levels specified in U.S.S.G. § 2L1.2(b)(1)(A)(ii) and (b)(1)(C) for the crime of illegal reentry after deportation. We hold that it is neither, and therefore vacate Peter Franco-Fernandez's sentence and remand for resentencing.

## I. Background

Peter Franco-Fernandez pleaded guilty to illegal reentry by a removed alien in violation of 8 U.S.C. § 1326(a). His

Presentence Investigation Report ("PSR") recommended an advisory sentencing guidelines range of 70-87 months' imprisonment based in large part on a 16-point increase in his offense level premised upon his removal having followed a conviction for a felony that is a "crime of violence." U.S.S.G. § 2L1.2(b)(1)(A)(ii). The predicate offense for this enhancement was Franco-Fernandez's 2005 Illinois conviction for so-called "putative father" child abduction, which is committed by one who:

> Intentionally conceals, detains or removes the child without the consent of the mother or lawful custodian of the child if the person is a putative father and either: (A) the paternity of the child has not been legally established or (B) the paternity . . . has been legally established but no orders relating to custody have been entered.

720 ILL. COMP. STAT. 5/10-5(b)(3) (2004).

Two less significant offense-level enhancements were also possible under section 2L1.2(b): an 8-level increase if the conviction was for an "aggravated felony," section 2L1.2(b)(1)(C), or a 4-level increase if the conviction was for "any other felony," section 2L1.2(b)(1)(D). Franco-Fernandez objected to the PSR and maintained that his "putative father" child abduction conviction did not qualify for the 16-level increase for a crime of violence. The government argued that the Illinois offense was either a crime of violence or an aggravated felony and Franco-Fernandez should receive the 16-level enhancement applicable to the former or at least the 8-level enhancement applicable to the latter. The district court concluded that the 16-level increase was appropriate and sentenced Franco-Fernandez to 70 months' imprisonment, the bottom of the advisory range.

## II. Discussion

Franco-Fernandez argues the district court erroneously applied the 16-level enhancement for a crime of violence under section 2L1.2(b)(1)(A)(ii) based on his Illinois conviction for "putative father" child abduction. The classification of a prior conviction under the sentencing guidelines is a legal question subject to de novo review. *United States v. Golden*, 466 F.3d 612, 613 (7th Cir. 2006).

The illegal reentry guideline, section 2L1.2, sets a base offense level of 8 and then specifies five possible offense-level enhancements if the defendant was deported after being convicted of a crime. U.S.S.G. § 2L1.2(b)(1)(A)-(E). The size of the enhancement generally corresponds to the severity of the crime the alien committed; the guideline instructs courts to apply the greatest applicable enhancement. U.S.S.G. § 2L1.2(b)(1). Three enhancements are at issue in this case: a 16-level increase for a "crime of violence," section 2L1.2(b)(1)(A)(ii); an 8-level increase for an "aggravated felony," section 2L1.2(b)(1)(C); and a 4-level increase for "any other felony," section 2L1.2(b)(1)(D). Franco-Fernandez maintains his Illinois conviction for "putative father" child abduction is simply "any other felony" and therefore only the 4-level enhancement should have been applied. The government contends that child abduction by a putative father under Illinois law qualifies for either the 16-level crime of violence enhancement or the 8-level aggravated felony enhancement.

### A. Crime of Violence

While the term "crime of violence" is used in various contexts in the federal code and sentencing guidelines, the illegal reentry guideline contains its own definition:

> [M]urder, manslaughter, kidnapping, aggravated assault, forcible sex offenses, statutory rape, sexual

abuse of a minor, robbery, arson . . . or any offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another.

U.S.S.G. § 2L1.2 cmt. n.1(B)(iii). The government urges us to treat child abduction as a species of kidnapping and hence a specifically enumerated crime of violence under this guideline. The government asserts that kidnapping under Illinois law, *see* 720 ILL. COMP. STAT. 5/10-1(a), shares some of the same elements as child abduction by a putative father under section 5/10-5(b)(3), and therefore the latter crime should be considered a form of kidnapping for purposes of the foregoing definition. We reject this argument for two reasons.

First, child abduction does not appear as one of the specifically enumerated offenses in the definition of a crime of violence in section 2L1.2 cmt. n.1(B)(iii). That some variations of child abduction may *resemble* kidnapping does not bring the crime within the list of enumerated offenses that explicitly qualify as crimes of violence. *See United States v. Jaimes-Jaimes*, 406 F.3d 845, 849 (7th Cir. 2005) (explaining that the first part of the crime of violence definition in section 2L1.2 only applies to convictions for any of the specifically enumerated offenses).

Second, we question whether child abduction by a putative father is indeed analogous to kidnapping under Illinois law. Kidnapping in all its statutory forms requires either actual or intended confinement of the victim against the victim's will. *See* 720 ILL. COMP. STAT. § 5/10-1(a)(1)-(3), (b). In contrast, child abduction by a putative father does not require confinement against the victim's will, but is committed when the defendant has the status of a putative father within the meaning of the statute and either "conceals, detains, or removes the child" without the consent of the mother or legal custodian.

*See* § 5/10-5(b)(3). Confinement against the victim's will is not required. *See* § 5/10-5(a)(2) ("'Detains' means taking or retaining physical custody of a child, whether or not the child resists or objects."). Historically, biological parents were excluded from the reach of kidnapping statutes; Illinois enacted the parental child abduction statute to punish conduct the kidnapping statute did not cover. *See People v. Algarin*, 558 N.E.2d 457, 462 (Ill. App. Ct. 1990) ("[T]he child abduction statute was not designed to be coextensive with the kidnapping statute but rather to open as a new frontier the area of parental abduction which the kidnapping statute was not intended to reach."). In short, the Illinois offense of child abduction by a putative parent is distinct from kidnapping in name, origin, and definition.

This brings us to the more general definition of a crime of violence, which encompasses any crime "that has as an element the use, attempted use, or threatened use of physical force." U.S.S.G. § 2L1.2 cmt. n.1(B)(iii). Under this definition force must be an element of the crime and not simply a possible byproduct of it; section 2L1.2 thus adopts the "charge offense" approach to classifying prior offenses. *See Flores v. Ashcroft*, 350 F.3d 666, 670 (7th Cir. 2003). Under this approach the focus is on the statutory definition of the crime. *See id.* (confining inquiry to Indiana's statutory definition of battery to determine whether alien was removable based on conviction for a crime of violence under 18 U.S.C. § 16); *cf. United States v. Gilbert*, 464 F.3d 674, 678 (7th Cir. 2006) (looking to charging document to ascertain under which version of Indiana's criminal confinement offense defendant was convicted for purposes of the enhanced penalties in the Armed Career Criminal Act). The statutory definition of "putative father" child abduction does not require force (either actual, attempted, or threatened); it only requires that the putative father conceal, detain, or remove the

child without the consent of the mother or legal custodian. Because the use, attempt, or threat of force is not an element of child abduction by a putative father, Franco-Fernandez's child abduction conviction is not a crime of violence. *See Gilbert*, 464 F.3d at 679 (force is not an element of criminal confinement because removal of the victim can be accomplished with or without force). The 16-level enhancement under section 2L1.2(b)(1)(A)(ii) should not have been applied.

## B. Aggravated Felony

The government argues in the alternative that Franco-Fernandez's child abduction conviction qualifies as an aggravated felony under section 2L1.2(b)(1)(C). While section 2L1.2 contains its own definition of crime of violence, it defines "aggravated felony" by reference to the definition of that term in section 101(a)(43) of the Immigration and Nationality Act, 8 U.S.C. § 1101(a)(43). U.S.S.G. § 2L1.2 cmt. n.3(A). In relevant part, that definition includes "a crime of violence (as defined in [18 U.S.C. § 16] . . .) for which the term of imprisonment [is] at least one year." 8 U.S.C. § 1101(a)(43)(F). The result of this cross-referencing is that we must decide whether child abduction by a putative father is a "crime of violence" for the second time in this appeal. Only instead of applying the narrower definition of that term specified in section 2L1.2, we now apply the broader definition found in 18 U.S.C. § 16. *Jaimes-Jaimes*, 406 F.3d at 849. That section defines "crime of violence" as:

> (a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against

> the person or property of another may be used in the
> course of committing the offense.

18 U.S.C. § 16. We have already explained why child abduction by a putative father does not meet the criteria established in subsection (a); we move on to consider whether it falls within the definition in subsection (b), that is, whether it "involves a substantial risk that physical force against the person . . . of another may be used."

The government maintains that all child abductions involve the risk of physical force. In support the government relies primarily on *United States v. Bryant*, 310 F.3d 550 (7th Cir. 2002), and *United States v. Wallace*, 326 F.3d 881 (7th Cir. 2003), though neither case addressed child abduction. *Bryant* involved the federal offense of escape and *Wallace* involved the Illinois offense of unlawful confinement, both of which we concluded were crimes of violence.[1]

The offense of escape is simply too dissimilar from child abduction for *Bryant* to be persuasive here. *See United States v. Franklin*, 302 F.3d 722, 724-25 (7th Cir. 2002) (concluding that escape is a crime of violence due to the potential violence inherent to a scenario in which an

---

[1] *Bryant* addressed the definition of "crime of violence" in U.S.S.G. § 2K2.1, and *Wallace* addressed the definition of "violent felony" under the Armed Career Criminal Act. The relevant definition in both cases required a "serious potential risk of physical injury." *United States v. Bryant*, 310 F.3d 550, 553 (7th Cir. 2002); *United States v. Wallace*, 326 F.3d 881, 886 (7th Cir. 2003). The "crime of violence" definition in 18 U.S.C. § 16 requires a "substantial risk that physical force against the person . . . of another may be used." Our decision here need not resolve whether there is any difference between a "serious potential risk of physical injury" and a "substantial risk [of] physical force against the person . . . of another."

escapee feels threatened by police, citizens, or fellow escapees). *Wallace* hits closer to the mark insofar as the elements of unlawful confinement in Illinois more closely resemble those of child abduction. *See* 720 ILL. COMP. STAT. 5/10-3(a) ("A person commits the offense of unlawful restraint when he knowingly without legal authority detains another."). But we premised our holding in *Wallace* on the fact that in committing criminal confinement, "one person restrains another against his or her will." 326 F.3d at 887; *see also People v. Bowen*, 609 N.E.2d 346, 361 (Ill. App. Ct. 1993) ("The detention must be wilful, against the victim's consent, and prevent movement from one place to another."). Detaining a person against his will involves a substantial risk of force, "whether it be in the initial restraint or the possible resulting confrontation between assailant and victim if the victim attempts to leave." *Wallace*, 326 F.3d at 887.

Child abduction by a putative father, on the other hand, does not contain a similar requirement of restraint against the victim's will. The offense is committed when a putative father simply "conceals, detains, or removes" the child without the consent of the mother or legal custodian.[2] "Detains" is specifically defined in the statute as "taking or retaining physical custody . . . whether or not the child resists or objects." 5/10-5(a)(2). In *Gilbert,* we declined to apply *Wallace* to a subsection of Indiana's criminal confinement statute that similarly lacked an against-the-victim's-will requirement. 464 F.3d

---

[2]  It appears that Franco-Fernandez was charged and convicted for the "concealing" version of the offense. We say "appears" because the copy of the charging document in the record is almost entirely illegible. Both parties' briefs state that he was convicted of concealing his ten-month-old son by taking him from his babysitter without notifying the mother.

at 682 (holding that IND. CODE. § 35-42-3-3(a)(2), which outlaws "remov[ing] another person, by fraud, enticement, force, or threat of force, from one (1) place to another," is not a crime of violence); *see also United States v. Hagenow*, 423 F.3d 638, 644 (7th Cir. 2005) ("[C]riminal confinement under Indiana law does not necessarily involve conduct that presents a serious potential risk of injury to another." (quotations omitted)). We reach the same conclusion here.

Aside from citing *Wallace* and *Bryant*, the government makes no other attempt to explain why child abduction by a putative father involves a "substantial risk" of physical force. Unlike the offense of unlawful restraint, child abduction by a putative father necessarily involves parties who stand in a familial relationship to each other; the offense specifically targets nonforcible conduct by a putative noncustodial father without regard to the victim's resistence, consent, or acquiescence. We conclude that the Illinois offense of child abduction by a putative father does not involve a "substantial risk that physical force against the person . . . of another may be used." *See Dickson v. Ashcroft*, 346 F.3d 44, 52 (2d Cir. 2003) (holding that a similar New York offense, unlawful imprisonment of an incompetent person or child under 16 in violation of N.Y. PENAL LAW § 135.00(1) (McKinney 2003), did not involve a substantial risk of force and thus was not a crime of violence). Accordingly, Franco-Fernandez's "putative father" child abduction conviction is not an aggravated felony under section 2L1.2(b)(1)(C).

Franco-Fernandez's 2005 child abduction conviction is neither a crime of violence nor an aggravated felony, and therefore neither the 16-level nor the 8-level enhancement in section 2L1.2(b)(1)(A)(ii) or (b)(1)(C) applies. Because Franco-Fernandez is only subject to the 4-level enhancement in section 2L1.2(b)(1)(D) for "any other felony," we

VACATE his sentence and REMAND this case to the district court for resentencing in accordance with this opinion.

A true Copy:

      Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*