In the

# United States Court of Appeals

### For the Seventh Circuit

No. 10-3132

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

KENNETH LEE TAYLOR,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Southern District of Illinois.
No. 3:10-cr-30032-MJR-1—**Michael J. Reagan,** *Judge.*

ARGUED FEBRUARY 11, 2011—DECIDED JULY 7, 2011

Before BAUER, POSNER and WILLIAMS, *Circuit Judges.*

BAUER, *Circuit Judge.* Kenneth Lee Taylor entered an open plea of guilty, without the benefit of a plea agreement, for failing to register as a sex offender in violation of the Sex Offender Registration and Notification Act (SORNA), 18 U.S.C. § 2250. The district court judge sentenced Taylor to eighteen months in prison, twenty years of supervised released, and a $100 special assessment fee. We affirm.

## I. BACKGROUND

Taylor was serving in the Navy when he was charged with forcible sodomy in violation of the Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 925. He pleaded guilty, and a general court-martial sentenced him to seven months in prison.

As required by SORNA, Taylor registered as a sex offender in 2003 and listed an address in East St. Louis as his residence. In 2006, the Illinois State Police discovered that Taylor was no longer residing at his registered address and that he had not updated his registration to reflect this change. Despite many attempts, authorities did not locate Taylor until early 2010.

In April 2010, Taylor pleaded guilty to failing to register as a sex offender. While released on bond and awaiting sentencing, Taylor again changed residences without updating his sex offender registration or notifying the United States Probation Office.

The district court judge classified Taylor as a Tier III sex offender and calculated the United States Sentencing Guideline range to be 24 to 30 months in prison and 5 years to life of supervised release. The judge sentenced Taylor to 18 months in prison and 20 years of supervised release, but he indicated a willingness to reduce the supervised release term if Taylor remained out of trouble for a "significant" amount of time.

## II. ANALYSIS

The defendant presents two issues on appeal. He first argues that the district court improperly classified Taylor as a Tier III sex offender, and he then argues that his sentence is unreasonable. We disagree.

### A. The Statutory Framework

SORNA requires sex offenders to register in the jurisdictions in which they live, work, or go to school. 18 U.S.C. § 2250. The term "sex offender" is defined as "an individual who was convicted of a *sex offense*." 42 U.S.C. § 16911 (emphasis added). A sex offense is "a *criminal offense* that has an element involving a sexual act or sexual contact with another," and a criminal offense is "a State, local, tribal, foreign, or military offense (to the extent specified by the Secretary of Defense under section 115(a)(8)(C)(i) of Public Law 105-119 (10 U.S.C. 951 note))." *Id.* (emphasis added).

Public Law 105-119, referenced above, provides that the Secretary of Defense "shall specify categories of conduct punishable under the Uniform Code of Military Justice which encompasses a range of conduct comparable to that described in . . . the Violent Crime Control and Law Enforcement Act of 1994 (42 U.S.C. § 14071(a)(3)(A) and (B))." Section 14071 of the Violent Crime Control Act established the Jacob Wetterling Act, and 32 C.F.R. § 635.7 (which was enacted under the authority of the Jacob Wetterling Act) states,

> Soldiers who are convicted by court-martial for certain sexual offenses must comply with all

> applicable state registration requirements in effect in the state in which they reside. . . . This is a statutory requirement based on the Jacob Wetterling Act, and implemented by DOD Instruction 1325.7.

DOD Instruction 1325.7, in turn, contains a "Listing of Offenses Requiring Sex Offender Processing." It provides, "convictions of any of the following offenses punishable under the Uniform Code of Military Justice shall trigger requirements to notify State and local law enforcement agencies and to provide information to inmates concerning sex offender registration requirements." *See* http://www.dtic.mil/whs/directives/corres/pdf/132507p.pdf (last visited July 1, 2011). One of the listed offenses is "Forcible Sodomy."[1] *Id.*

Therefore, through a series of cross references, SORNA requires individuals who are convicted of certain sex offenses under the UCMJ—including forcible sodomy—to register as a sex offender.

In addition to defining the terms "sex offender" and "sex offense," 42 U.S.C. § 16911 classifies sex offenders into three different categories:

---

[1] Courts-martial recognize the offense of "forcible sodomy." *See, e.g., United States v. Rangel*, 64 MJ. 678, 684 (AF. Ct. Crim. App. 2007) (explaining that force is an element of the offense of "forcible sodomy"). According to the Manual for Courts-Martial, "[t]hat the act was done by force and without the consent of the other person" may be added as an "element" under UCMJ Article 125, as applicable. Manual For Courts-Martial United States, pt. IV, ¶ 51(b) (2008).

(2) Tier I sex offender

The term "Tier I sex offender" means a sex offender other than a Tier II or Tier III sex offender.

(3) Tier II sex offender

The term "Tier II sex offender" means a sex offender other than a Tier III sex offender whose offense is punishable by imprisonment for more than 1 year and—

> (A) is comparable to or more severe than the following offenses . . .
>
> > (iv) abusive sexual contact (as described in section 2244 of Title 18) . . . .

(4) Tier III sex offender

The term "Tier III sex offender" means a sex offender whose offense is punishable by imprisonment for more than 1 year and—

> (A) is comparable to or more severe than the following offenses . . .
>
> > (i) aggravated sexual abuse or sexual abuse (as described in sections 2241 and 2242 of Title 18) . . . .[2]

---

[2] Taylor concedes that forcible sodomy is similar to a violation of 18 U.S.C. § 2241, which provides, "Whoever, in the special maritime and territorial jurisdiction of the United States . . . knowingly causes another person to engage in a sexual act by using force against that other person," shall be imprisoned for up to life.

These tier levels are incorporated into the United States Sentencing Guidelines and used to determine the defendant's base offense level. U.S.S.G. § 2A3.5.

### B. Modified Categorical Approach

To calculate the advisory Guideline range for a violation of SORNA, the judge must first determine the defendant's tier classification. *See* U.S.S.G. § 2A3.5. The judge usually accomplishes this task by examining the elements of the statute under which the defendant was convicted. This is called the "categorical approach." *See United States v. Smith*, 544 F.3d 781, 786 (7th Cir. 2008); *Begay v. United States*, 553 U.S. 137, 141 (2008). However, because the statute under which Taylor was convicted prohibited all sodomy—whether consensual, forcible, or involving a child—the judge in this case also examined the charging document to determine the type of sodomy to which the defendant pleaded guilty. This is called the "modified categorical approach." *See Smith*, 544 F.3d at 786. Taylor contends that the judge's use of the modified categorical approach constitutes reversible error, a question of law which we review de novo. *United States v. Franco-Fernandez*, 511 F.3d 768, 769 (7th Cir. 2008).

Although we have never addressed whether a judge may use the modified categorical in this particular circumstance, we have held that when a statute proscribes multiple types of conduct, some of which would constitute a violent felony and some of which would not, a judge may examine a "limited range of additional material" in order to determine whether the defendant

pleaded guilty to the portion of the statute that constitutes a violent felony. *See id.* (citing *Shepard v. United States*, 544 U.S. 13, 16-17 (2005); *Taylor v. United States*, 495 U.S. 575, 602 (1990); *United States v. Spells*, 537 F.3d 743, 749 (7th Cir. 2008); *United States v. Mathews*, 453 F.3d 830, 833-34 (7th Cir. 2006)). The rationale behind this rule applies with equal force to this case.

Taylor was convicted under 10 U.S.C. § 925, a statute that prohibits sodomy in all its forms. It is therefore impossible to determine from the face of the statute whether Taylor pleaded guilty to forcible sodomy, consensual sodomy, or sodomy of a child. Consequently, under the categorical approach, forcible sodomy convictions under 10 U.S.C. § 925 would always be a Tier I offense. We need not confine ourselves to the categorical approach in this case, however, because the statute at issue here prohibits multiple types of conduct, including "forcible sodomy," which is considered to be an offense with different elements than "sodomy" alone. *See* supra Part A; *United States v. Woods*, 576 F.3d 400, 403-07 (7th Cir. 2009). We therefore affirm the district court's use of the modified categorical approach and hold that a judge may examine a limited set of additional materials—such as the charging instrument in this case—to determine the portion of 10 U.S.C. § 925 to which the defendant pleaded guilty.

## C. Reasonableness of the Sentence

The Sentencing Guideline range for Taylor's offense was 24 to 30 months in prison and 5 years to life of super-

vised release. Although the judge sentenced Taylor to a prison term that was below the Guideline range (18 months) and a supervised release term that was within the Guideline range (20 years), Taylor challenges his sentence as unreasonable. We review the substantive reasonableness of his sentence for abuse of discretion.[3]

A sentencing judge must consult the Sentencing Guidelines and consider the factors set forth in 18 U.S.C. § 3553(a). Where, as here, a sentence is within the advisory Guideline range, the sentence is presumed reasonable. *See United States v. Hills*, 618 F.3d 619, 636 (7th Cir. 2010).

Although the district court found that Taylor is not dangerous and that he maintained steady employment, the district court also noted that Taylor committed a very serious sex offense and intentionally refused to register as a sex offender for seven years. Then, while out on bond for failing to register as a sex offender, Taylor again changed residences without updating his registration. The judge was rightly concerned by this, especially in light of the fact that SORNA requires Taylor to register for the rest of his life. Given these facts, we cannot say that Taylor has overcome the presumptive reasonableness of his sentence.

---

[3] The government argues that we should review the sentence for plain error because Taylor failed to object to his sentence as unreasonable in the district court. We have repeatedly rejected this argument. *See United States v. Dale*, 498 F.3d 604, 610 & n.5 (7th Cir. 2007).

### III. CONCLUSION

For the foregoing reasons, we AFFIRM the defendant's sentence.