NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued June 14, 2011
Decided August 10, 2011

**Before**

RICHARD A. POSNER, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 09-3678

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee,* | Court for the Northern District of |
| | Illinois, Eastern Division. |
| *v.* | |
| | No. 09 CR 243-1 |
| JUAN CARLOS GARCIA-VASQUEZ, | |
| *Defendant-Appellant.* | William J. Hibbler, |
| | *Judge.* |

**O R D E R**

Juan Carlos Garcia-Vasquez, who had been removed from the United States previously, pleaded guilty to being in the country again without authorization. The district court sentenced him to 36 months in prison. Garcia-Vasquez argues on appeal that the court mistakenly concluded that his prior Illinois conviction for unlawful restraint was an aggravated felony under the Sentencing Guidelines, resulting in an incorrect guidelines range. We affirm.

Garcia-Vasquez, a Mexican citizen, was removed from the United States at least once in the late 1990s, again in February 2007, and yet again in November 2007 before police in Will County, Illinois, took him into custody in March 2009. Garcia-Vasquez admitted to

Immigration and Customs Enforcement officials that he had returned to the United States without applying for readmission. He pleaded guilty to one count of illegal re-entry. *See* 8 U.S.C. § 1326(a).

This appeal centers on the classification of Garcia-Vasquez's Illinois felony conviction in 1997 for unlawful restraint, 720 ILCS 5/10-3, after he forcibly prevented a woman from leaving his car. The woman entered the car to talk to Garcia-Vasquez, who had been causing a disturbance in front of her home. Garcia-Vasquez then began to drive away, and as the woman tried to get out of the car, he grabbed her hand to keep her from escaping. At sentencing, both parties disagreed with the probation officer's characterization of the offense as a "crime of violence" triggering a 16-level increase in his offense level. *See* U.S.S.G. § 2L1.2(b)(1)(A)(ii). Because the Illinois unlawful restraint statute does not have, as an element, "the use, attempted use, or threatened use of physical force" against another person, *see id*. § 2L1.2 cmt. n.1(B)(iii); *United States v. Wallace*, 326 F.3d 881, 886 (7th Cir. 2003), the government conceded that Garcia-Vasquez's offense was not a crime of violence under the guideline and that the 16-level increase did not apply. But the government argued that unlawful restraint was an aggravated felony warranting an 8-level increase, *see* U.S.S.G. § 2L1.2(b)(1)(C), while Garcia-Vasquez argued that the offense fell into the category of "any other felony," meriting only a 4-level increase, *see id*. § 2L1.2(b)(1)(D). The district court sided with the government's characterization of the offense as an aggravated felony because it involved "a substantial risk of the use of force." Based on a total offense level of 13 and Garcia-Vasquez's category-VI criminal history, the court calculated a guidelines range of 33 to 41 months' imprisonment and sentenced him to 36 months.

Garcia-Vasquez maintains on appeal that unlawful restraint fits in the category of "any other felony," *see* U.S.S.G. § 2L1.2(b)(1)(D), and contends that his total offense level should be 10 rather than 13—the result of a base offense level of 8, a 4-level increase for his unlawful-restraint conviction, and a 2-level reduction for acceptance of responsibility, *see id*. §§ 2L1.2(a), 3E1.1(a). These figures, in his view, dictate a guidelines range of 24 to 30 months.

Under Illinois law, "A person commits the offense of unlawful restraint when he or she knowingly without legal authority detains another." 720 ILCS 5/10-3(a). Determining whether a prior conviction for unlawful restraint is an "aggravated felony" requires a journey through a few sentencing provisions. The sentencing guidelines for illegal re-entry define "aggravated felony" by reference to 8 U.S.C. § 1101(a)(43), which in turn lists several types of offenses that fall within the meaning of "aggravated felony," including—as is relevant here—a "crime of violence" as defined by 18 U.S.C. § 16 "for which the term of imprisonment [is] at least one year." *See* 8 U.S.C. § 1101(a)(43)(F); U.S.S.G. § 2L1.2 cmt. n.3(A). Section 16, in turn, defines a crime of violence as:

   (a) an offense that has as an element the use, attempted use, or
threatened use of physical force against the person or property of another, or
      (b) any other offense that is a felony and that, by its nature, involves a
substantial risk that physical force against the person or property of another
may be used in the course of committing the offense.

18 U.S.C. § 16. Section 16(a) does not apply here because physical force is not an element of unlawful restraint. *See* 720 ILCS 5/10-3(a); *People v. Lissade*, 935 N.E.2d 1041, 1044 (Ill. App. Ct. 2010); *People v. Bowen*, 609 N.E.2d 346, 361 (Ill. App. Ct. 1993). The issue, then, is whether unlawful restraint is a crime of violence under § 16(b) and, therefore, an aggravated felony under § 2L1.2(b)(1)©.

   Section 16(b) covers violent, active crime that typically presents a substantial risk that force will be used against another person during its commission. *See Leocal v. Ashcroft*, 543 U.S. 1, 10-11 (2004). It is not coextensive with the "residual clause" of 18 U.S.C. § 924(e)(2)(B)(ii), which also defines violent felonies and covers "conduct that presents a serious potential risk of physical injury to another." The residual clause addresses the risk of injury, while § 16(b) focuses on the use of force and does not encompass all offenses that create a substantial risk of injury. *See Leocal* 543 U.S. at 10-11; *Jimenez-Gonzalez v. Mukasey*, 548 F.3d 557, 562 (7th Cir. 2008). But the statutes' resemblance allows analysis of an offense under one of them to serve as persuasive authority for analysis of the offense under the other. *See Jimenez-Gonzalez*, 548 F.3d at 562 (observing that § 16(b) and residual clause contained similar language, and that Supreme Court applied similar logic in *Leocal* (a §16(b) case) and *Begay v. United States*, 553 U.S. 137 (2008) (a residual clause case)); *United States v. Brown*, 629 F.3d 290, 296 n.4 (2d Cir. 2011) (whether offense was crime of violence under § 16(b) was instructive in deciding whether offense was violent felony under residual clause); *United States v. Daye*, 571 F.3d 225, 232-34 (2d Cir. 2009) (same); *Ramirez v. Mukasey*, 520 F.3d 47, 50 (1st Cir. 2008) (same).

   We have not squarely addressed whether an Illinois unlawful-restraint conviction is a crime of violence under 18 U.S.C. § 16(b), but our decisions in *United States v. Wallace*, 326 F.3d 881 (7th Cir. 2003), *United States v. Franco-Fernandez*, 511 F.3d 768 (7th Cir. 2008), and *United States v. Capler*, 636 F.3d 321 (7th Cir. 2011), suggest convincingly that it is. All three decisions focus on the risk of force. *Wallace* held that an Illinois unlawful-restraint offense is a violent felony under the residual clause because of the serious risk of injury from the use of force during the initial restraint or an attempted escape. 326 F.3d at 886-87. *Franco-Fernandez* drew from *Wallace* and reasoned in dicta—by way of distinguishing unlawful restraint from child abduction—that unlawful restraint requires detaining a person against

his will and thus involves a substantial risk of force, either during restraint or escape. 511 F.3d at 772. And we recently reaffirmed *Wallace* in *Capler*, 636 F.3d at 322.

Garcia-Vasquez offers no reason to distinguish between § 16(b) and the residual clause when analyzing his unlawful restraint conviction. In fact, he frames his argument in terms of the residual clause, contending that *Wallace* and *United States v. Billups*, 536 F.3d 574 (7th Cir. 2008)—which cited *Wallace* in holding that Wisconsin's crime of false imprisonment was a crime of violence—are no longer good law in light of the Supreme Court's decisions in *Begay* and *Chambers v. United States*, 129 S. Ct. 687 (2009). Garcia-Vasquez contends that unlawful restraint cannot be classified as a crime of violence merely because it presents a serious risk of physical injury. He argues that under *Begay*, 553 U.S. at 142-45, and *Chambers*, 129 S. Ct. at 691-92, a court must also conclude that unlawful restraint is similar in kind (i.e., purposeful, violent, and aggressive) to burglary, arson, extortion, and crimes involving the use of explosives—the offenses enumerated before the residual clause. Garcia-Vasquez apparently believes that *Wallace* and *Billups* are flawed because we did not perform a similar-in-kind analysis in those cases.

But *Capler* forecloses Garcia-Vasquez's argument by explicitly reaffirming *Wallace* and rejecting the argument that *Wallace* is a dead letter in light of *Begay*. *See Capler*, 636 F.3d at 322. *Capler* explains that *Wallace* anticipated *Begay* and "strongly implie[d]" that unlawful restraint was categorically similar to the enumerated crimes that precede the residual clause. *Capler*, 636 F.3d at 324. Moreover, in *Sykes v. United States*, 131 S. Ct. 2267 (2011), the Supreme Court recently rejected the idea that courts must conclude that an offense is purposeful, violent, and aggressive for it to fall within the scope of the residual clause. Such a requirement, the Court said, "overreads the opinions of this Court." *Sykes*, 131 S. Ct. at 2275. The "purposeful, violent, and aggressive" language was used only to explain the result in *Begay*, which involved a crime—driving under the influence—that the Court analogized to strict-liability, negligence and recklessness offenses. *Id.* at 2275-76. Unlawful restraint, which requires "knowingly" detaining a person, 720 ILCS 5/10-3(a), is not such a crime, so the only relevant question is how much risk it presents. *See id.* at 2273, 2275-76. In light of *Wallace* and *Capler*, it is a crime of violence under the residual clause, and, as noted, Garcia-Vasquez offers no reason to conclude that it is not also a crime of violence under 18 U.S.C. § 16(b).

Garcia-Vasquez raises one other sentencing issue regarding what he views as the district court's erroneous reliance on unsubstantiated hearsay in the presentence report. When he was arrested and charged with unlawful restraint, he was also charged with criminal sexual assault and possession of cocaine, but both of those counts were dropped. The district court struck language in the presentence report describing the alleged sexual assault, but Garcia-Vasquez objects to language not struck which states that he forcibly held

his victim's hand to keep her inside the vehicle, in spite of her pleas to be allowed to leave. However, nothing in the record suggests that the district court rested its conclusion upon the language that Garcia-Vasquez cites, or upon any of the stricken language. The court did not refer at all to the description of the offense in the presentence report.

We AFFIRM the judgment of the district court.