NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 8, 2017
Decided March 8, 2017

**Before**

WILLIAM J. BAUER, *Circuit Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

No. 16-3587

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> *Plaintiff-Appellee*, | Appeal from the United States District <br> Court for the Southern District of Illinois. |
| *v.* | No. 15-cr-30181-MJR |
| JAMES C. POYNOR, <br> *Defendant-Appellant*. | Michael J. Reagan, <br> *Chief Judge*. |

## O R D E R

James Poynor pleaded guilty to failing to register as a sex offender, 18 U.S.C.
§ 2250(a). During his plea colloquy he stipulated that in 2007 he had been convicted in
Missouri of first-degree child molestation, MO. REV. STAT. § 566.067 (Supp. 2007), and
sexual misconduct involving a child, *id.* § 566.083, after exposing himself to a
four-year-old and touching the child's genitals. Those convictions triggered a duty to
register as a sex offender, which he did sporadically while living in Missouri. Then in
2014 he moved to Illinois, and that move, Poyner admitted, obligated him to register as
a sex offender in Illinois and also to update his Missouri registration, though he did
neither. The district court sentenced him to 33 months' imprisonment and 10 years'
supervised release. Poynor has filed a notice of appeal, but his appointed lawyer asserts

that the appeal is frivolous and seeks to withdraw. *See Anders v. California*, 386 U.S. 738, 744 (1967).

In support of his motion, counsel has submitted a brief that explains the nature of the case and addresses potential issues that an appeal of this kind might be expected to involve. We invited Poynor to comment on counsel's motion, but he has not done so. *See* Cir. R. 51(b). For the most part, counsel's analysis is thorough, allowing us to focus our review on the subjects he discusses. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014); *United States v. Wagner*, 103 F.3d 551, 553 (7th Cir. 1996). The exception is that counsel does not say if he asked Poyner whether he is satisfied with his guilty plea. If counsel did not consult with Poynor, he should have, and he should have told us about Poynor's decision. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012). That said, we need not reject counsel's *Anders* submission because the transcript of the plea colloquy demonstrates that the district court substantially complied with the requirements of Federal Rule of Criminal Procedure 11. *See United States v. Blalock*, 321 F.3d 686, 688–89 (7th Cir. 2003). The court advised Poynor of his constitutional rights, the charge against him, and the possible penalties, and found that his plea was voluntary and supported by an adequate factual basis. *See* Fed. R. Crim. P. 11(b).

In his brief, counsel first discusses the district court's selection of the highest possible base offense level, 16, which applies to "Tier III" sex offenders. *See* U.S.S.G. § 2A3.5(a)(1); *United States v. Taylor*, 644 F.3d 573, 576 (7th Cir. 2011). Counsel also discusses Poynor's prior convictions, which resulted in a criminal history category of VI. Counsel tells us, though, that he was unable to construct even a potential argument that the court erred in selecting the base offense level or counting Poynor's criminal history points (Poynor did not object to either determination at sentencing). The base offense level of 16, after credit for acceptance of responsibility and combined with a Category VI criminal history, yielded a guidelines imprisonment range of 33 to 41 months. *See* U.S.S.G. ch. 5, pt. A.

Counsel does consider, but rightly rejects as frivolous, an argument that the district court did not adequately address the sentencing factors in 18 U.S.C. § 3553(a) or Poynor's arguments in mitigation. The court rejected the government's contention that Poynor was dangerous but, in evaluating the nature and circumstances of the violation, opined that failing to register is a serious offense because it is important for the public to keep track of persons convicted of sex offenses. The court also discussed Poynor's criminal history, including the fact that he had a prior conviction for failure to register. And the court considered mitigating factors, including Poynor's limited education and

work history, his untreated depression, and his difficult childhood. At the end of the sentencing hearing the court asked defense counsel whether he would like further elaboration on any of the § 3553(a) factors, but counsel declined. We would not find Poynor's prison sentence, which is at the lowest end of the range, to be unreasonable. *See Rita v. United States*, 551 U.S. 338, 347 (2007); *United States v. Fletcher*, 763 F.3d 711, 715 (7th Cir. 2014).

Accordingly, we GRANT the motion to withdraw and DISMISS the appeal.